**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MATTHEW BULL, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> 22ND CENTURY GROUP, INC., HENRY SICIGNANO III, and JOHN T. BRODFUEHRER, <br><br> Defendants. | No.: 1:19-cv-00409-NGG-ST <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE 22ND CENTURY INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL** |
| IAN FITCH, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> 22ND CENTURY GROUP, INC., HENRY SICIGNANO III, and JOHN T. BRODFUEHRER, <br><br> Defendants. | No.: 2:19-cv-00553-SJF-AYS |

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................1

STATEMENT OF FACTS ...............................................................................................2

ARGUMENT...................................................................................................................3

    A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES...................................................................................................3

    B.    THE 22ND CENTURY INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF.............................................................................................4

        1.    The 22nd Century Investor Group is Willing to Serve as a Class Representative....................................................................................5

        2.    The 22nd Century Investor Group Has the "Largest Financial Interest".............................................................................................6

        3.    The 22nd Century Investor Group Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure..............7

        4.    The 22nd Century Investor Group Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses ...............................................................................................9

    C.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ...............................................................................................10

CONCLUSION...............................................................................................................11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.F.I.K. Holding SPRL v. Fass*,
    216 F.R.D. 567 (D. N.J. 2003)....................................................................................7

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997)....................................................................................................9

*Baby Neal v. Casey*,
    43 F.3d 48 (3d Cir. 1994)...........................................................................................8

*Bassin v. Decode Genetics, Inc.*,
    230 F.R.D. 313 (S.D.N.Y. 2005) ...............................................................................4

*Beck v. Maximus, Inc.*,
    457 F.3d 291 (3d Cir. 2006)....................................................................................8, 9

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
    252 F.R.D. 188 (S.D.N.Y. 2008) ...............................................................................4

*Danis v. USN Communs., Inc.*,
    189 F.R.D. 391 (N.D. Ill. 1999).................................................................................8

*Fischler v. Amsouth Bancorporation*,
    176 F.R.D. 583 (M.D. Fla. 1997)...............................................................................8

*Gluck v. Cellstar Corp.*,
    976 F. Supp. 542 (N.D. Tex. 1997) ...........................................................................8

*Greebel v. FTP Software*,
    939 F. Supp. 57 (D. Mass. 1996) ...............................................................................7

*In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*,
    2004 U.S. Dist. LEXIS 10200 (E.D. Pa. Jun. 3, 2004)..............................................6

*In re Comverse Tech., Inc., Sec. Litig.*,
    2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) ...........................................6

*In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC),
    2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009) ...........................................4

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp.2d 286 (E.D.N.Y. 1998) .........................................................................6, 8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ...............................................................................................8

*In re Tronox, Inc. Sec. Litig.*,
   262 F.R.D. 338 (S.D.N.Y. 2009) ..............................................................................................3

*In re Vicuron Pharms., Inc. Sec. Litig.*,
   225 F.R.D. 508 (E.D. Pa. 2004)................................................................................................6

*Janovici v. DVI, Inc.*, No. 03-4795,
   2003 U.S. Dist. LEXIS 22315 (E.D.Pa. Nov. 25, 2003)..........................................................6

*Johnson v. Celotex Corp.*,
   899 F.2d 1281 (2d Cir. 1990)....................................................................................................3

*Lax v. First Merch. Acceptance Corp.*,
   1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997)............................................................6

*Malcolm v. Nat'l Gypsum Co.*,
   995 F.2d 346 (2d Cir. 1993).......................................................................................................3

*Osher v. Guess ?, Inc.*,
   2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ........................................................10

*Riordan v. Smith Barney*,
   113 F.R.D. 60 (N.D. Ill. 1986)..................................................................................................9

## Statutes

15 U.S.C. § 78u-4(a)(3)(B)(iii) ............................................................................................ *passim*

## Rules

Federal Rules of Civil Procedure Rule 23 ............................................................................ *passim*

Federal Rules of Civil Procedure Rule 42 ...........................................................................1, 3, 8

Movants Joseph Noto, Garden State Tire Corp, and Stephens Johnson (collectively, the "22nd Century Investor Group") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for the entry of an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing the 22nd Century Investor Group as Lead Plaintiff on behalf of all persons and entities that purchased or otherwise acquired the securities of 22nd Century Group, Inc. ("22nd Century" or the "Company") between February 18, 2016 through October 25, 2018, both dates inclusive (the "Class Period"); and (3) approving Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel.

## PRELIMINARY STATEMENT

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The 22nd Century Investor Group, with losses of approximately $41,737 in connection with its purchases of 22nd Century securities during the Class Period, has the largest financial interest in the relief sought in this action. The 22nd Century Investor Group further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as it is an adequate representative with claims typical of the other Class members. Accordingly, the 22nd Century Investor Group respectfully submits that it should be appointed Lead Plaintiff.

1

**STATEMENT OF FACTS**

As alleged in the Complaints in the Related Actions, 22nd Century is a company that purportedly has the technology and plant breeding expertise to regulate the level of nicotine (and other nicotinic alkaloids) in tobacco plants.  The Company has touted how it is able to grow tobacco with "up to 97% less nicotine than conventional tobacco."

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations and prospects.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that:  (1) 22nd Century's stock was prone to manipulation through paid stock promotions; (2) such conduct would subject 22nd Century to heightened regulatory scrutiny by the SEC; and (3) consequently, 22nd Century's public statements were materially false and misleading and/or lacked a reasonable basis at all relevant times.

On February 2, 2018, *Seeking Alpha* published an article by Fuzzy Panda Research stating that 22nd Century's stock price had been inflated through various paid stock promotion articles from 2014 through 2017, some of which had disclosed the paying party and amount, and others which did not.

On this news, shares of 22nd Century fell $0.35 per share or over 11% to close at $2.73 per share on February 2, 2018.

Then, on October 25, 2018, Fuzzy Panda Research disclosed in another *Seeking Alpha* article that its Freedom of Information Act ("FOIA") requests from the SEC for "all documents in the possession of SEC that pertain to investigations regarding 22nd Century Group (XXII) for the time period January 1, 2016 through July 16, 2018" had been denied.  According to the article, the SEC would not release the documents because doing so could "reasonably be

expected to interfere with on-going enforcement proceedings." The article built on a March 7, 2018 *Seeking Alpha* article by Sharesleuth which explained how a "stealth promotion network" posted positive articles about the Company at suspicious times in 2017, including (i) after investors took part in placements and/or warrant exercises, enabling them to profit as 22nd Century's share price surged; and (ii) immediately before and after 22nd Century had announced it was selling new shares at discount prices in October 2017.

On this news, shares of 22nd Century fell $0.11 per share or over 4% to close at $2.45 per share on October 25, 2018.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the 22nd Century Investor Group and other Class members have suffered significant losses and damages.

## ARGUMENT

### A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of related cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a). *See also* Manual for Complex Litigation (Third), § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact. *See* Fed. R. Civ. P. 42 (a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions);

3

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at \*4–8 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law ***and*** fact. Each action was brought against the Company, as well as certain officers and directors of the Company, in connection with violations of the federal securities laws. Accordingly, the Related Actions allege substantially the same wrongdoing—namely, that defendants issued materially false and misleading statements and omissions that artificially inflated the price of the Company's securities and subsequently damaged the Class when the Company's stock price crashed as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *In re GE*, 2009 U.S. Dist. LEXIS 69133), at \*5 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

**B.      THE 22ND CENTURY INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF**

The 22nd Century Investor Group should be appointed Lead Plaintiff because it has the largest financial interest in the consolidated action and otherwise meets the requirements of Rule 23. Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiff in

class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice.  Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, the 22nd Century Investor Group satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1.    The 22nd Century Investor Group is Willing to Serve as a Class Representative

On January 21, 2019, counsel for plaintiff in the first of the Related Actions to be filed caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors of 22nd Century securities that they had 60 days—*i.e.*, until March 22, 2019—to file a motion to be appointed as Lead Plaintiff.  *See* Declaration of Jeremy A.

5

Lieberman in Support of Motion of the 22nd Century Investor Group for Consolidation, Appointment as Lead Plaintiff and Approval of Counsel ("Lieberman Decl."), Ex. A.

The 22nd Century Investor Group has filed the instant motion pursuant to the Notice, and it has attached Certifications attesting that its members are willing to serve as representatives for the Class, and provide testimony at depositions and trial, if necessary. *See* Lieberman Decl., Ex. B. Accordingly, the 22nd Century Investor Group satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2. The 22nd Century Investor Group Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

As of the time of the filing of this motion, the 22nd Century Investor Group believes that it has the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered).[1] The most critical among the Lax Factors is the approximate loss suffered. *See*, *e.g.*, *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004); *Janovici v. DVI, Inc.*, No. 03-4795, 2003 U.S. Dist. LEXIS 22315, at *39 (E.D.Pa. Nov. 25, 2003); *In re Am.*

---

[1] *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998). *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

*Bus. Fin. Servs., Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 10200, at \*2–3 (E.D. Pa. Jun. 3, 2004);

*A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 572 (D. N.J. 2003).

During the Class Period, the 22nd Century Investor Group (1) purchased 60,100 shares of 22nd Century common stock and 255 call option contracts shares; (2) expended $241,862 on its purchases of 22nd Century securities; (3) retained 41,400 shares of common stock and 105 call option contracts; and (4) as a result of the disclosures of the fraud, suffered a loss of $41,737 in connection with its Class Period purchases of 22nd Century securities.  *See* Lieberman Decl., Ex. C.  Because the 22nd Century Investor Group possesses the largest financial interest in the outcome of this litigation, it may be presumed to be the "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.   The 22nd Century Investor Group Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996).  Moreover, "typicality and

7

adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory.")).

The claims of the 22nd Century Investor Group are typical of those of the Class. The 22nd Century Investor Group alleges, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning the Company, or omitted to state material facts necessary to make the statements they did make not misleading. The 22nd Century Investor Group, as did all members of the Class, purchased 22nd Century securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based

8

on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986); *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent.'") (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

The 22nd Century Investor Group is an adequate representative for the Class. There is no antagonism between the interests of the 22nd Century Investor Group and those of the Class, and its losses demonstrate that it has a sufficient interest in the outcome of this litigation. Finally, the 22nd Century Investor Group has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

>    **4.    The 22nd Century Investor Group Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses**

The presumption in favor of appointing The 22nd Century Investor Group as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

>    (aa)    will not fairly and adequately protect the interest of the class; or
>
>    (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The ability and desire of the 22nd Century Investor Group to fairly and adequately represent the Class has been discussed above. The 22nd Century Investor Group is not aware of any unique defenses defendants could raise that would render it inadequate to represent the Class. Accordingly, the 22nd Century Investor Group should be appointed Lead Plaintiff for the Class.

### C.  LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at \*15 (C.D. Cal. Apr. 26, 2001). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, the 22nd Century Investor Group has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. *See* Lieberman Decl., Ex. D. As a result of the firm's extensive experience in litigation involving issues similar to those raised in the Related Actions, the 22nd Century Investor Group's counsel have the skill and knowledge which will enable them to prosecute a consolidated action effectively and expeditiously. Thus, the Court may be assured that by approving the selection of Lead Counsel by the 22nd Century Investor Group, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, the 22nd Century Investor Group respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing the 22nd Century Investor Group as Lead Plaintiff for the Class; and (3) approving Pomerantz as Lead Counsel for the Class.

Dated:  March 25, 2019

           Respectfully submitted,

**POMERANTZ LLP**

*/s/ Jeremy A. Lieberman*

Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: pdahlstrom@pomlaw.com

*Counsel for Movants and*
*Proposed Lead Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Lesley Portnoy
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:  310-201-9150
Facsimile:    310-201-9160
Email: lportnoy@glancylaw.com

*Additional Counsel for Movants*

11