UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW BULL, Individually and on Behalf of All Others Similarly Situated,<br><br>                                        Plaintiff,<br><br>                    v.<br><br>22ND CENTURY GROUP, INC., HENRY SICIGNANO III, and JOHN T. BRODFUEHRER,<br><br>                                        Defendants. | No.: 1:19-cv-00409-NGG-ST<br><br>[PROPOSED] ORDER APPOINTING LEAD PLAINTIFF AND APPROVING SELECTION OF COUNSEL |

WHEREAS, the Court has considered the motion of Joseph Noto, Garden State Tire Corp, and Stephens Johnson (collectively, the "22nd Century Investor Group") for appointment of the 22nd Century Investor Group as Lead Plaintiff in the above-captioned action (the "Action") and approval of its selection of Pomerantz LLP ("Pomerantz") as Lead Counsel (Dkt. No. 9);

IT IS HEREBY ORDERED THAT:

1.      The Court hereby appoints the 22nd Century Investor Group as Lead Plaintiff in the Action. The 22nd Century Investor Group satisfies the requirements for Lead Plaintiff pursuant to Section 21D(a)(3)(B)(iii) of the Private Securities Litigation Reform Act of 1995 ("PSLRA").

2.      Lead Plaintiff, pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, has selected and retained Pomerantz as Lead Counsel for the Class in the Action.

3.      Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom lead counsel shall designate:

(a)      to coordinate the briefing and argument of motions;

(b)    to coordinate the conduct of discovery proceedings;

(c)    to coordinate the examination of witnesses in depositions;

(d)    to coordinate the selection of counsel to act as a spokesperson at pretrial conferences;

(e)    to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

(f)    to coordinate all settlement negotiations with counsel for defendants;

(g)    to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required; and

(h)    to supervise any other matters concerning the prosecution, resolution or settlement of the Action.

4.    No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of lead counsel, so as to prevent duplicative pleadings or discovery by plaintiffs.  No settlement negotiations shall be conducted without the approval of lead counsel.

5.    Counsel in any related action that is consolidated with this Action shall be bound by this organization of plaintiffs' counsel.

6.    Lead Counsel shall have the responsibility of receiving and disseminating Court orders and notices.

7.    Lead Counsel shall be the contact between plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel.

8.    Defendants shall effect service of papers on plaintiffs by serving a copy of same on lead counsel by overnight mail service, electronic or hand delivery.  Plaintiffs shall effect service of papers on defendants by serving a copy of same on defendants' counsel by overnight mail service, electronic or hand delivery.

2

3

9.      During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody, or control, including computer-generated and stored information, and materials such as computerized data and electronic mail, containing information which is relevant or which may lead to the discovery of information relevant to the subject matter of the pending litigation.

**SO ORDERED.**

Dated: _____, 2019

_____
HONORABLE NICHOLAS G. GARAUFIS
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK