UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
JAN 1 4 2021
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

JOSEPH NOTO, GARDEN STATE
TIRE CORP., STEPHENS JOHNSON,
individually and on behalf of all others
similarly situated,

Plaintiffs,

v.

22ND CENTURY GROUP, INC.,
HENRY SICIGNANO, III, JOHN T.
BRODFUEHRER,

Defendants.

19-CV-1285 (JLS)

## SUMMARY ORDER

After studying the papers and the relevant caselaw and hearing oral

argument on July 31, 2020 (*see* Dkt. 47), the Court is prepared to decide

Defendants' motion to dismiss the amended complaint.  In the interest of providing

that decision now, rather than waiting for a more fulsome writing, and because this

case involves the application of settled legal principles, the Court resolves

Defendants' motion in this summary order.

Plaintiff investors allege a putative securities class action against Defendant

22nd Century Group, a microcap company; Defendant Sicignano, 22nd Century's

former CEO; and Defendant Brodfuehrer, 22nd Century's former CFO.  Plaintiffs

allege that they incurred losses based on Defendants' scheme to inflate 22nd

Century's stock price at investors' expense.  Specifically, Plaintiffs allege that

Defendants: (1) commissioned promotional articles that were presented as independent analysis but, in reality, were written by authors compensated by Defendants, without disclosing that fact; and (2) concealed that the SEC was investigating a material weakness in 22nd Century's accounting controls. Plaintiffs allege that 22nd Century's stock price rose as a result of Defendants' conduct, and that the stock price fell precipitously after a former 22nd Century CEO revealed information regarding the promotional articles and the SEC investigation.

Defendants moved to dismiss the amended complaint for failure to state claims for: (1) misrepresentations or omissions under Rule 10b-5(b) of the Securities Exchange Act of 1934; (2) market manipulation under Rule 10b-5(a) and (c) of the Exchange Act; and (3) control person liability under Section 20(a) of the Exchange Act. They clarify that 22nd Century hired an investor relations firm, which then paid third-party authors to create and publish online articles promoting 22nd Century. Defendants argue that non-disclosure of payments does not support claims against them because the authors—not Defendants—had the duty to disclose payment for the articles. They also argue that non-disclosure of the alleged SEC investigation does not support a claim because Defendants disclosed the underlying material weakness regarding financial controls and disclosed that they remediated that material weakness, and because Plaintiffs did not allege that the SEC investigation resulted in any penalties against Defendants.

When faced with a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege facts that—accepted as true—are sufficient to "state

a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The complaint need not contain detailed factual allegations but, "at a bare minimum," must "provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Yang Zhao v. Keuka Coll.*, 264 F. Supp. 3d 482, 490 (W.D.N.Y. 2017) (quoting *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008)).

To state a material misrepresentation or omission claim like the one Plaintiffs raise here, a plaintiff must allege: "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Cortina v. Anavex Life Scis. Corp.*, No. 15-CV-10162 (JMF), 2016 WL 7480415, at *3 (S.D.N.Y. Dec. 29, 2016) (quoting *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 37-38 (2011)) (internal quotations omitted).

To state a market manipulation claim like the one asserted here, a plaintiff must allege: "(1) manipulative acts; (2) damage; (3) caused by reliance on an assumption of an efficient market free of manipulation; (4) scienter; (5) in connection with purchase or sale of securities; (6) furthered by the defendant's use of the mails or any facility of a national securities exchange." *Id.* (quoting *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 101 (2d Cir. 2007)) (internal quotations omitted).

3

And to state a claim for control person liability under Section 20(a) of the Exchange Act, a plaintiff must, "at a minimum, plead a plausible 'primary violation' of Section 10(b)" of the Exchange Act. *Id.*

Count 1 of the amended complaint, which asserts a material misrepresentation or omission claim, fails on Plaintiffs' promotional article theory because Defendants had no duty to disclose payment for the articles. *See, e.g., In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1272 (11th Cir. 2016) (noting that "the Supreme Court has foreclosed" misrepresentation or omission claims based "on the content of, or the omissions in, . . . articles by . . . stock promoters"); *Cortina*, 2016 WL 7480415, at *5 ("Notably, Section 17(b) of the . . . Exchange Act imposes a duty to disclose payment on the promoter who receives payment, but *not* on the issuer who hired and paid the promoter.").

This count fails on Plaintiffs' SEC investigation theory, too, because Defendants had no duty to disclose that information. *See Cortina*, 2016 WL 7480415, at *5, *8; *In re Lions Gate Ent. Corp. Sec. Litig.*, 165 F. Supp. 3d 1, 10-15 (S.D.N.Y. 2016). Also relevant to the Court's analysis on this theory is the fact that Defendants disclosed and remediated (and disclosed the remediation of) the underlying accounting concern. *See* Dkt. 31 ¶¶ 46-49, 193-97.

Count 2, which asserts a market manipulation claim, fails because Plaintiffs do not allege a manipulative act or market activity—under either of the theories mentioned above. *See Galectin*, 843 F.3d at 1272-74; *ATSI Commc'ns*, 493 F.3d at 101, 102-05; *Cortina*, 2016 WL 7480415, at *3-*4.

Count 3, which asserts a control person liability claim against Defendants Sicignano and Brodfuehrer, fails because Counts 1 and 2 fail. *See Galectin*, 843 F.3d at 1276; *ATSI Commc'ns*, 493 F.3d at 108; *Cortina*, 2016 WL 7480415, at *9.

For these reasons,[1] the Court GRANTS Defendants' motion to dismiss (Dkt. 40) in its entirety and DISMISSES the amended complaint (Dkt. 31), with prejudice.[2] The Clerk of Court shall close this case.

Dated:     January 14, 2021
           Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because these reasons for dismissal dispose of all counts, the Court has not considered Defendants' other arguments for dismissal.

[2] The Court considered, and denies, Plaintiffs' request for leave to amend. Plaintiffs already amended their complaint once, and their amended complaint—which spans 80 pages and 247 paragraphs—does not suffer from a lack of factual allegations but, rather, from legal deficiencies. For these reasons, further amendment would be futile. *See Cortina*, 2016 WL 7480415, at *9 (declining to grant leave to amend because "amendment . . . would likely be futile" and "there [w]as nothing to suggest that Plaintiffs would be able to state a valid claim should the Court grant them leave to amend").