**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

JOSEPH NOTO, GARDEN STATE TIRE CORP.,
and STEPHENS JOHNSON, Individually and on
Behalf of All Others Similarly Situated,
                Plaintiffs,

      vs.

22ND CENTURY GROUP, INC., HENRY
SICIGNANO, III, and JOHN T.
BRODFUEHRER,

           Defendants,

Case No. 1:19-cv-01285-JLS

**ORAL ARGUMENT REQUESTED**

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**
**AMENDED CLASS ACTION COMPLAINT**

FOLEY & LARDNER LLP
John A. Tucker (admitted *pro hac vice*)
1 Independent Drive, Suite 1300
Jacksonville, FL 32202
Telephone: (904) 359-2000
Email: jtucker@foley.com

Jonathan H. Friedman
90 Park Avenue
New York, NY 10016
Telephone: (212) 338-3416
Email: jfriedman@foley.com

*and*

DUKE, HOLZMAN, PHOTIADIS &
GRESENS LLP
Charles C. Ritter, Jr.
701 Seneca Street, Suite 750
Buffalo, NY 14210
Telephone: (716) 855-1111
Email: critter@dhpglaw.com

*Counsel for Defendants*

**TABLE OF CONTENTS**

I.      THE AMENDED COMPLAINT DOES NOT PLEAD A STRONG
        INFERENCE OF SCIENTER. ...................................................................................1

        A.      Plaintiffs Do Not Plead Motive or Opportunity To Commit Fraud.............2

        B.      The Amended Complaint Alleges No Conscious Misbehavior or
                Recklessness. ..............................................................................................3

        C.      Plaintiffs May Not Rely on the Core Operations Doctrine To Plead
                Scienter. ......................................................................................................6

II.     THE AMENDED COMPLAINT FAILS TO PLEAD LOSS
        CAUSATION. .........................................................................................................7

III.    PLAINTIFFS FAIL TO STATE A CLAIM FOR CONTROL PERSON
        LIABILITY..............................................................................................................9

IV.     PLAINTIFFS ARE NOT ENTITLED TO FURTHER LEAVE TO
        AMEND..................................................................................................................10

i

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Acticon AG v. China N. E. Petroleum Holdings Ltd.*,
 692 F.3d 34 (2d Cir. 2012)..................................................................................................7

*In re Am. Bank Note Holographics, Inc. Sec. Litig.*,
 93 F. Supp. 2d 424 (S.D.N.Y. 2000)...................................................................................3

*In re Am. Int'l Grp., Inc. 2008 Sec. Litig.*,
 741 F. Supp. 2d 511 (S.D.N.Y. 2010) (Opp. 29) ...............................................................8

*Bond v. Clover Health Invs., Corp.*,
 No. 3:21-cv-00096, 2022 WL 602432 (M.D. Tenn. Feb. 28, 2022)..................................6, 8

*In re Bristol Myers Squibb Co. Sec. Litig.*,
 586 F. Supp. 2d 148 (S.D.N.Y. 2008).................................................................................8

*Christine Asia Co. v. Ma*,
 718 F. App'x 20 (2d Cir. 2017) ...........................................................................................5

*Cortina v. Anavex Life Scis. Corp.*
 No. 15-CV-10162 (JMF), 2016 WL 7480415 (S.D.N.Y. Dec. 29, 2016) ..........................5

*ECA & Local 134 IBEW Joint Pension Tr. of Chi. v. JP Morgan Chase Co.*,
 553 F. 3d 187 (2d Cir. 2009)...............................................................................................1

*In re Emex Corp. Sec. Litig.*,
 No. 01 Civ. 4886(SWK), 2002 WL 31093612 (S.D.N.Y. Sept. 18, 2002) ........................2

*Ernst & Ernst v. Hochfelder*,
 425 U.S. 185 (1976)............................................................................................................1

*In re Ferrellgas Partners, L.P., Sec. Litig.*,
 No. 16 Civ. 7840 (RJS), 2018 WL 2081859 (S.D.N.Y. Mar. 30, 2018),
 *aff'd,* 764 F. App'x 127 (2d Cir. 2019)...............................................................................10

*Frederick v. Mechel OAO*,
 475 Fed. App'x 353 (2d Cir. 2012)......................................................................................6

*Ganino v. Citizens Utils. Co.*,
 228 F.3d 154 (2d Cir. 2000).................................................................................................7

*Inst. Invs. Grp. v. Avaya, Inc.*,
 564 F.3d 242 (3d Cir. 2009).................................................................................................5

ii

*In re Inv. Tech. Grp., Inc. Sec. Litig.*,
  251 F. Supp. 3d 596 (S.D.N.Y. 2017)..................................................................................5

*Kalnit v. Eichler*,
  264 F.3d 131 (2d Cir. 2001)..............................................................................................2

*Lapin v. Goldman Sachs Grp., Inc.*,
  506 F. Supp. 2d 221 (S.D.N.Y. 2006) .........................................................................9, 10

*Lentell v. Merrill Lynch & Co.*,
  396 F.3d 161 (2d Cir. 2005)..............................................................................................8

*In re Lions Gate Ent. Corp. Sec. Litig.*,
  165 F. Supp. 3d 1 (S.D.N.Y. 2016) .................................................................................2, 5

*New Orleans Emps. Ret. Sys. v. Celestica, Inc.*,
  455 F. App'x 10 (2d Cir. 2011) .........................................................................................6

*Novak v. Kasaks*,
  216 F.3d 300 (2d. Cir. 2000)..............................................................................................3

*In re Openwave Sys. Sec. Litig.*,
  528 F. Supp. 2d 236 (S.D.N.Y. 2007)...............................................................................8

*Ret. Sys. of Gov't of V.I. v. Blanford*,
  794 F.3d 297 (2d Cir. 2015)..........................................................................................3, 5

*In re Signet Jewelers Ltd. Sec. Litig.*,
  No. 16 Civ. 6728 (CM), 2018 WL 6167889 (S.D.N.Y Nov. 26, 2018) ...................................5

*Sjunde AP-Fonden v. Goldman Sachs Grp., Inc.*,
  545 F. Supp. 3d 120 (S.D.N.Y. 2021)................................................................................9

*Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*,
  33 F. Supp. 3d 401 (S.D.N.Y. 2014)..................................................................................9

*In re Take-Two Interactive Sec. Litig.*,
  551 F. Supp. 2d 247 (S.D.N.Y. 2008)............................................................................8, 9

*In re Time Warner Sec. Litig.*,
  9 F.3d 259 (2d Cir. 1993)..................................................................................................2

*In re Tronox Inc. Sec. Litig.*,
  No. 09 Civ. 6220 (SAS), 2010 WL 2835545 (S.D.N.Y. June 28, 2010)................................9

*In re Twinlab. Corp. Sec. Litig.*,
  103 F. Supp. 2d 193 (E.D.N.Y. 2000) ...............................................................................3

*Tyler v. Liz Claiborne, Inc.*,
    814 F. Supp. 2d 323 (S.D.N.Y. 2011)..................................................................................7

*Van Dongen v. CNinsure Inc.*,
    951 F. Supp. 2d 457 (S.D.N.Y. 2013)..................................................................................3

*In re WorldCom, Inc. Sec. Litig.*
    388 F. Supp. 2d 319 (S.D.N.Y. 2005)..................................................................................8

*In re XP Inc. Sec. Litig.*,
    524 F. Supp. 3d 23 (E.D.N.Y. 2021) ...................................................................................5

**Federal Statutes**

15 U.S.C.

    § 78t ...................................................................................................................................9

    § 78u-4 ...........................................................................................................................3, 6

**Federal Rules**

Rule 8 ...................................................................................................................................10

Rule 9(b) ...........................................................................................................................3, 10

After the Second Circuit affirmed dismissal with prejudice of nearly all of Plaintiffs' Amended Complaint,[1] Plaintiffs are left to contend only that 22nd Century committed securities fraud by not disclosing a purported SEC investigation relating to the Company's segregation of accounting duties—an investigation that they do not allege resulted in any finding of wrongdoing, fine, or penalty. Plaintiffs' premise is that an intent to defraud is the best explanation for the non-disclosure of a preliminary investigation regarding an uneventful accounting weakness.

Plaintiffs do not, and cannot, allege that this accounting concern or the alleged SEC investigation involved misconduct or required any adjustment to the Company's financial statements. Instead, Plaintiffs argue the Company did not disclose the alleged SEC investigation to prop up its share price—an argument belied by the fact that, as Plaintiffs admit, the Company *fully, voluntarily, and contemporaneously disclosed and promptly remediated* the underlying accounting concern. Further, Plaintiffs cannot rebut—and instead ask the Court to ignore—the trading data establishing that the anonymous short seller's allegations about an SEC investigation did not cause the Company's stock price to drop. Because Plaintiffs have not, and cannot, plead scienter or loss causation, the Court should dismiss the Amended Complaint with prejudice.

<u>**ARGUMENT**</u>

**I.    THE AMENDED COMPLAINT DOES NOT PLEAD A STRONG INFERENCE OF SCIENTER.**

To survive a motion to dismiss, a complaint must plead with specificity facts giving rise to a "strong inference" of "intent to deceive, manipulate or defraud." *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193 n.12 (1976). Such an inference must be "at least as compelling" as any competing inference. *ECA & Local 134 IBEW Joint Pension Tr. of Chi. v. JP Morgan Chase Co.*, 553 F. 3d 187, 198 (2d Cir. 2009). The Amended Complaint fails to plead facts giving rise to any,

---

[1] Capitalized terms not defined herein have the meaning set forth in the Motion, ECF No. 64. References to "¶ _" are to the Amended Complaint. All emphasis herein is supplied.

1

much less a strong, inference of scienter. Plaintiffs have not pled particularized facts showing either of the two ways to establish scienter: (a) motive and opportunity to commit fraud; or (b) strong circumstantial evidence of conscious misbehavior or recklessness.

### A.  Plaintiffs Do Not Plead Motive or Opportunity To Commit Fraud.

The Amended Complaint lacks the requisite factual allegations showing a "concrete and personal" benefit from the non-disclosure of the alleged investigation. Mot. 14-15. Pivoting away from the Amended Complaint's allegations, Plaintiffs now contend they meet this standard by alleging that 22nd Century benefitted from three stock offerings that would have been less successful if the alleged SEC investigation had been disclosed in 22nd Century's SEC filings.[2] Opp. 7, 16. But "'a desire to raise much needed capital' is an insufficient generalized motive to support an inference of scienter."[3] *In re Emex Corp. Sec. Litig.*, No. 01 Civ. 4886(SWK), 2002 WL 31093612, at *5-6 (S.D.N.Y. Sept. 18, 2002) (citation omitted) (plaintiffs failed to plead scienter where they "only allege[d] defendants committed fraud in order to increase the share price . . . in advance of a rights offering and proposed sale of common stock.").[4]

---

[2] Importantly, this allegation appears *nowhere* in the Amended Complaint. Only paragraphs 57 and 58 reference these 2016 offerings, and neither paragraph even mentions the alleged SEC investigation, much less contends it was not disclosed to bolster these offerings. Further, the first of these three offerings was on February 5, 2016 (¶ 57), *before* the Company filed its 2015 10-K on February 18, 2016, which is the first alleged omission of the SEC disclosure (¶ 46), and thus could not have been motivated by this first offering. Nor does the Amended Complaint allege the Press Releases, issued in *2018* and *2019* could have been motivated by a desire to avoid disclosing an SEC investigation in *2016.*

[3] The Amended Complaint also fails to explain how the nondisclosure of an alleged SEC investigation regarding a *disclosed* accounting weakness presented an opportunity to defraud. *Cf. In re Lions Gate Ent. Corp. Sec. Litig.*, 165 F. Supp. 3d 1, 14-15 (S.D.N.Y. 2016). Where the Company disclosed the underlying accounting weakness, the Amended Complaint fails to allege that non-disclosure of a related, preliminary SEC investigation would have moved the Company's share price. Defendants' disclosure of the underlying accounting weakness belies fraudulent intent.

[4] The cases Plaintiffs cite are consistent with this well-settled rule that pleading motive requires a *particularized* benefit. *See In re Time Warner Sec. Litig.*, 9 F.3d 259 (2d Cir. 1993) (distinguished in *Kalnit v. Eichler*, 264 F.3d 131, 141-42 (2d Cir. 2001)) (pleading motive requires "specific benefit that would inure to the defendants that would not be either generalized to all corporate

2

### B. The Amended Complaint Alleges No Conscious Misbehavior or Recklessness.

Plaintiffs also fail to allege "highly unreasonable" conduct amounting to "an extreme departure from the standards of ordinary care" as required to plead conscious misbehavior or recklessness. *Novak v. Kasaks*, 216 F.3d 300, 308 (2d. Cir. 2000).

The Opposition argues Defendants' alleged knowledge of the SEC investigation[5] proves conscious misbehavior.[6] The critical issue, however, is not whether the Defendants *knew* of the alleged SEC investigation, but whether the Amended Complaint pleads facts showing that the non-disclosure was motivated by an *intent to defraud*. Knowledge alone would not establish intent to defraud, particularly where the innocent inference from the alleged facts is far more reasonable—that Defendants reasonably believed they had no obligation to disclose a preliminary SEC investigation. This is particularly true given the Company's transparent disclosure of the underlying accounting weakness.[7]

---

directors or beneficial to all shareholders"); *In re Twinlab. Corp. Sec. Litig.*, 103 F. Supp. 2d 193, 206 (E.D.N.Y. 2000) (plaintiff pled corporate defendant had particularized motive in seeking to inflate stock price to retire debt, complete previously-arranged acquisition, and complete stock trade); *In re Am. Bank Note Holographics, Inc. Sec. Litig.*, 93 F. Supp. 2d 424, 445 (S.D.N.Y. 2000) (motive where "[t]he ability of [defendant] to borrow its own cash—unfettered by the already debt-laden ABN—was a benefit of the IPO.").

[5] Contrary to Plaintiffs' contention (Opp. 12, citing ¶ 69), the Amended Complaint contains no allegation that Sicignano knew about the alleged SEC investigation because he worked closely with Brodfuehrer. Paragraph 69 alleges only that Brodfuehrer must have known about the alleged *stock promotion* work because he worked closely with Sicignano. Nor does the Amended Complaint allege that Sicignano must have known about the investigation because the Company hired counsel to handle the investigation and was making stock offerings at the time, which would in any event be speculative at best and not satisfy the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b)(2)(A), or Rule 9(b)'s pleading standard.

[6] *E.g.* Opp. 13 ("the AC alleges Defendants' scienter by alleging that Defendants had actual knowledge of the SEC Investigation."), 21, 24, 27.

[7] Knowledge cannot establish intent to defraud where, as here, only alleged *omissions* are at issue, as omissions cannot be contradicted. *Novak*, 216 F.3d at 308 (finding recklessness is "typically" pled where the complaint "specifically alleged defendants' knowledge of facts or access to information *contradicting their public statements*."). The cases Plaintiffs cite to argue that knowledge is sufficient to establish scienter rely on *Novak* and involve false statements, not just

The Press Releases likewise do not support scienter for several reasons. First, the Second Circuit remanded only "the § 10(b) material misrepresentation claim based on the *non-disclosure of the SEC investigation*" in the Company's SEC filings and the § 20(a) claim "solely as it pertains to *that particular non-disclosure*." ECF No. 58, 19-20. Beyond allowing further consideration of claims arising from "the allegation that defendants failed to disclose the SEC investigation," the Second Circuit expressly held, "[w]e find no merit in the remaining challenges." *Id.* at 2, 4. Ignoring this language affirming the dismissal of non-omissions claims, Plaintiffs press their dismissed claims based on alleged *false statements* in the Company's Press Releases and 2015 10-K certification. Opp. 19-20 (arguing the certifications "*falsely averred* that the filing did not omit material facts" and the Press Releases "falsely denied" SEC investigation); ¶¶ 141, 145, 201. Moreover, the Second Circuit held "defendants had such a duty [to disclose the alleged SEC investigation] because, by not mentioning the investigation, their disclosures *of the accounting deficiencies* were misleading." ECF No. 58, 15, 16-17. Neither the Press Releases nor the 10-K certifications mention the accounting weaknesses that the Second Circuit held gave rise to a duty to disclose the alleged SEC investigation.

Second, even if those falsity claims had survived, Plaintiffs do not allege Defendants had any motive to deceive investors, or acted recklessly, in making the statements in the Press Releases. Knowledge of an SEC investigation *in 2016* does not indicate knowledge that an investigation was still continuing *years later*, much less show that Defendants were "highly unreasonable" in stating they were unaware of SEC *enforcement proceedings* or an *ongoing* investigation at this later date.

Third, Plaintiffs do not allege Defendants knew the SEC investigation was ongoing in 2018

---

omissions. *Van Dongen v. CNinsure Inc.*, 951 F. Supp. 2d 457, 473 (S.D.N.Y. 2013); *Emps.' Ret. Sys. of Gov't of V.I. v. Blanford*, 794 F.3d 297 (2d Cir. 2015).

or 2019. Instead, it alleges only that a confidential witness "stated that he never saw any statement from the SEC formally closing the investigation." ¶ 48. The Second Circuit's discussion of the Press Releases related only to materiality of the alleged omissions from 22nd Century's SEC filings, and the Court expressly declined to address scienter. ECF No. 58, n.51.

Plaintiffs miscast the cases cited to support their contention that Defendants acted with scienter in not disclosing the SEC investigation. Opp. 21. For example, in *Blanford*, the defendant was logging fake shipments and hiding inventory in the rafters, and the Court found these efforts "demonstrate[d] [defendants'] intent to deceive or defraud." 794 F.3d at 308.[8] Plaintiffs also miss the significance of the many cases holding that preliminary SEC investigations need not be disclosed, even when discussing matters to which the investigation relates.[9] Opp. 21-22. This precedent confirms Defendants' reasonable basis for believing that they had no obligation to disclose a preliminary SEC investigation. Mot. 17.[10]

---

[8] *Inst. Invs. Grp. v. Avaya, Inc.*, 564 F.3d 242 (3d Cir. 2009) is also distinguishable, as it involved express, contemporaneous denials of discounting. Here, there are no allegations that Defendants contemporaneously denied the alleged SEC investigation. Nor are Defendants alleged to have made statements to placate the market in connection with a significant financial write-off as in *In re Signet Jewelers Ltd. Sec. Litig.*, No. 16 Civ. 6728 (CM), 2018 WL 6167889, at *16 (S.D.N.Y Nov. 26, 2018). Indeed, Plaintiffs admit that the remediated accounting weakness did not impact the Company's financial statements. Opp. 15 (citing ECF No. 44-1 at 44).

[9] Plaintiffs' efforts to distinguish cases cited by defendants fail. Plaintiffs say *In re Lions Gate*, 165 F. Supp. 3d at 10 did not allege the omissions rendered statements misleading, but plaintiffs there argued "defendants purposely omitted material information . . . and that their silence on . . . the SEC investigation rendered the statements in the securities filings misleading." Plaintiffs incorrectly state that the defendants in *In re XP Inc. Sec. Litig.*, 524 F. Supp. 3d 23, 29 (E.D.N.Y. 2021) disclosed the investigation at issue, when the *XP* court repeatedly noted that the plaintiff alleged defendant "*did not disclose several pending regulatory investigations*" and cited several cases supporting its holding disclosure was not required. *Cortina v. Anavex Life Scis. Corp.* involved an SEC investigation. No. 15-CV-10162 (JMF), 2016 WL 7480415, at *8 (S.D.N.Y. Dec. 29, 2016) (the "SEC investigation[] . . . do[es] not give rise to a compelling inference of scienter."). Plaintiffs' efforts to distinguish the disclosures at issue in *In re Inv. Tech. Grp., Inc. Sec. Litig.*, 251 F. Supp. 3d 596 (S.D.N.Y. 2017) are equally unavailing.

[10] The Second Circuit cited only to cases addressing the general duty to disclose material information; none involved regulatory or other investigations. *See* ECF No. 58 n.46-49. Nor do

Plaintiffs also argue that the Company's alleged nondisclosure of anonymous short seller Fuzzy Panda's purported identity supports their contention that Defendants' nondisclosure of an SEC investigation reflected an intent to defraud. This connection is hard even to understand. Plaintiffs do not allege Defendants had a duty to disclose the short seller's identity, which is wholly unrelated to the alleged SEC investigation. Moreover, as with the statements in the Press Releases, a decision not to speculate as to the short seller's identity *in 2018 and 2019* does not support that Defendants acted with scienter *years earlier* in not disclosing the alleged SEC investigation.

In sum, not disclosing an alleged SEC investigation into a remediated accounting weakness that had no consequences is not "highly unreasonable" conduct amounting to "an extreme departure from the standards of ordinary care"—especially where Plaintiffs admit that the Company made accurate, detailed disclosures of the underlying accounting issue, and the case law at the time consistently held that disclosure of confidential investigations was not required.

### C. Plaintiffs May Not Rely on the Core Operations Doctrine To Plead Scienter.

Plaintiffs also argue that scienter may be established via the core operations doctrine (Opp. 27), which would permit defendants' scienter to be inferred when a misrepresentation or omission relates to a company's core business. *Frederick v. Mechel OAO*, 475 Fed. App'x 353, 356 (2d Cir. 2012). Whether this doctrine survived enactment of the PSLRA is unclear. *Id.*[11] "In any event, that

---

the cases Plaintiffs cite support a duty to disclose preliminary investigations. *Christine Asia Co. v. Ma*, 718 F. App'x 20, 22 (2d Cir. 2017) (plaintiffs stated claim where defendants did not disclose threat of "*huge repeating fines*"; such information was critical to investors because threat "required [defendant] to choose between giving up an important source of its revenue or risking enormous fines, where either outcome would have significant negative impact on [defendant]'s revenues"); *Bond v. Clover Health Invs., Corp.*, No. 3:21-cv-00096, 2022 WL 602432, at *22 (M.D. Tenn. Feb. 28, 2022) ("DOJ investigation was not, in context, *simply a run-of-the-mill matter* that investors had no reason to expect disclosure about."). Here, Plaintiffs do not allege the SEC investigation imposed any fine or otherwise impacted the Company's finances.

[11] *New Orleans Emps. Ret. Sys. v. Celestica, Inc.*, 455 F. App'x 10 (2d Cir. 2011) did not hold that plaintiffs "routinely" plead scienter via the core operations doctrine. Rather, the Court held it "need not address defendants' arguments . . . regarding [defendant]'s core operations." *Id.* at n.3.

an allegedly fraudulent statement concerned 'core operations,' standing alone, is insufficient to support strong circumstantial evidence of scienter." *Tyler v. Liz Claiborne, Inc.*, 814 F. Supp. 2d 323, 343 (S.D.N.Y. 2011). Nor do Plaintiffs plead facts showing that an alleged SEC investigation, which arose from an accounting weakness that was quickly remediated by adding another employee and which led to no findings of wrongdoing or penalties, was critical to 22nd Century's core business model or long-term viability.

## II.    THE AMENDED COMPLAINT FAILS TO PLEAD LOSS CAUSATION.

Plaintiffs' failure to plead loss causation requires dismissal. Mot. 21-26. Plaintiffs' argument that they have pled loss causation by alleging a short-seller article caused the Company's stock price to fall $0.11 (Opp. 29) is belied by the data. Trading data confirms that the Company's stock price did not drop after disclosure of the alleged SEC investigation. Mot. 23. Plaintiffs miscast this data, claiming it shows 22nd Century's stock price dropped $0.11 in the hour after the alleged corrective disclosure. Opp. 31. This is simply false. The data shows that 22nd Century's stock price was $2.46 at 12:00pm on October 25, 2018, and the last trade of the 12pm hour was likewise $2.46. ECF No. 65-7, 2, row 5, columns B and E.[12] Indeed, the data shows the Company's stock price dropped to its all-day low, $2.35, in the 9am hour, three hours *before* the alleged corrective disclosure was published. *Id.* row 8, column d.

Unable to rebut the fact that the data demonstrates no loss, Plaintiffs ask the Court to ignore public, intraday trading data, citing California and Texas cases, on the ground that such information is purportedly behind a paywall. Opp. 30. But Barchart.com offers a free 30-day trial, meaning anyone can access 22nd Century's intraday trading data for free.[13] Further, boilerplate

---

[12] Plaintiffs' reliance on *Acticon AG v. China N. E. Petroleum Holdings Ltd.*, 692 F.3d 34, 39 (2d Cir. 2012) is misplaced, as Defendants do not argue the price rebounded. It dropped *before*, and thus not in response to, the alleged corrective disclosure.

[13] *See* https://www.barchart.com/get-barchart-premier?ref=signUp.

disclaimers do not preclude reliance on Barchart's data. *Cf. Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 166 n.8 (2d Cir. 2000) (finding it proper to take judicial notice of NYSE data).[14]

Plaintiffs' loss causation argument also fails because the claimed loss is not "the materialization of the concealed risk." *Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 173 (2d Cir. 2005); Mot. 19.[15] A short-seller's assertion that an SEC investigation exists is not a materialization of the risk associated with an SEC investigation. Rather, the materialization of the risk of not disclosing an SEC investigation, if any, would be the imposition of fines, penalties, accounting restatements, or the like, none of which have been alleged. Moreover, 22nd Century's stock price already reflected the issue underlying the purported investigation, as the Company had contemporaneously disclosed its accounting weakness.

Lastly, even if Plaintiffs' claims based on alleged false statements in the Press Releases had survived, Plaintiffs fail to allege any *subsequent* corrective disclosure revealing the "truth" and causing a loss. Citing *In re Take-Two Interactive Sec. Litig.*, 551 F. Supp. 2d 247, 290 (S.D.N.Y. 2008), Plaintiffs contend that Defendants' statement in the October 2018 Press Release that they would not respond to additional short seller reports somehow transformed allegations

---

[14] NYSE "does not warrant the accuracy or timeliness of the information and materials contained on the Website." *See* https://www.ice.com/terms-of-use.

[15] The cases Plaintiffs cite support this requirement. Opp. 29-32. *In re Bristol Myers Squibb Co. Sec. Litig.*, 586 F. Supp. 2d 148, 163 (S.D.N.Y. 2008) ("[l]oss causation is adequately pleaded 'if the risk that caused the loss was within the zone of risk *concealed* by the misrepresentations and omissions'") (citation omitted); *Bond*, 2022 WL 602432, at *27 ("A Section 10(b) plaintiff must plead facts showing a 'causal link between the alleged misconduct and the economic harm ultimately suffered'") (citation omitted); *In re Openwave Sys. Sec. Litig.*, 528 F. Supp. 2d 236, 252-53 (S.D.N.Y. 2007) (defendant restated financials when its stock options backdating scheme was revealed); *In re WorldCom, Inc. Sec. Litig.* 388 F. Supp. 2d 319, 347 (S.D.N.Y. 2005) (rejecting objection to class action settlement where objector was "highly unlikely" to be able to show his losses were due to materialization of risk). Plaintiffs' quotation from *In re Am. Int'l Grp., Inc. 2008 Sec. Litig.*, 741 F. Supp. 2d 511, 534 (S.D.N.Y. 2010) (Opp. 29) uses ellipses to omit the requirement of a "relationship between the risks allegedly concealed and the risks that subsequently materialized" to plead loss causation.

"repeated" in the April 2019 short seller article (¶ 143) into "new" information. Opp. 31. But this argument fails on its face and *Take-Two* is inapposite. There, the court held "*speculation*" regarding "*possible* options backdating does not necessarily constitute complete disclosure of the relevant truth regarding the Options Backdating Fraud" where a subsequent disclosure "conveyed information to the investing public concerning the extent and likelihood of options backdating . . . which was not present in the" earlier disclosure. Here, the Amended Complaint alleges no new disclosure in the April 2019 short seller article related to the SEC investigation. Opp. 31; ¶ 143.[16] As to the April Press Release, as noted in the Motion, the Amended Complaint does not allege *any* corrective disclosure was *ever* published revealing the supposed falsity of the Press Release's statement. Mot. 26. Plaintiffs evidently concede this point, offering no response in their opposition.

## III.    PLAINTIFFS FAIL TO STATE A CLAIM FOR CONTROL PERSON LIABILITY.

Plaintiffs have not pled a primary violation of the Exchange Act and therefore cannot state a claim under Section 20(a). The Amended Complaint's failure to plead culpable participation in any violation by Sicignano or Brodfuehrer is also fatal to Count III. *See* Mot. 27.

Plaintiffs incorrectly argue they need not plead culpable participation. Opp. 33. But "the Second Circuit has repeatedly included 'culpable participation' where it has had occasion to state the elements of a *prima facie* Section 20(a) case." *Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*, 33 F. Supp. 3d 401, 438 (S.D.N.Y. 2014).[17] Plaintiffs also conflate

---

[16] *Sjunde AP-Fonden v. Goldman Sachs Grp., Inc.*, 545 F. Supp. 3d 120, 149 (S.D.N.Y. 2021) is similarly inapposite as, there, the court held two corrective disclosures were not actionable because the information contained therein had already been publicly "telegraphed" and "outlined." Plaintiffs' selective quotation of the opinion relates only to the defendant's argument therein that general disclosures that it was subject to various investigations, made years earlier, did not constitute a disclosure of the specific fraud at issue where the defendant expressly and contemporaneously denied involvement in the fraud.

[17] The *In re Tronox Inc. Sec. Litig.*, No. 09 Civ. 6220 (SAS), 2010 WL 2835545, at *15 (S.D.N.Y. June 28, 2010) court held it would evaluate the adequacy of allegations regarding culpable participation under Rule 8 rather than Rule 9(b). Application of Rule 8, rather than Rule 9(b), is at

scienter with culpable participation, Opp. 33, but the two are distinct concepts. For example, even pleading motive and opportunity would not establish culpable participation: "[T]o withstand a motion to dismiss, a section 20(a) claim must allege, at a minimum, particularized facts of the controlling person's conscious misbehavior or recklessness." *Lapin*, 506 F. Supp. 2d at 246. The Amended Complaint fails to plead any facts showing Sicignano or Brodfuehrer were reckless in not disclosing an SEC investigation (culpable participation), so Count III must be dismissed.

## IV.    PLAINTIFFS ARE NOT ENTITLED TO FURTHER LEAVE TO AMEND.

Dismissal with prejudice is proper where, as here, "[p]laintiffs offer no basis for their request for leave to amend nor do they attach a proposed amended complaint" and the complaint at issue is not the first: "this is not the first complaint in this action, since Plaintiffs filed the Consolidated Amended Complaint after their appointment, supplanting the initial complaint." *In re Ferrellgas Partners, L.P., Sec. Litig.,* No. 16 Civ. 7840 (RJS), 2018 WL 2081859, at *21 (S.D.N.Y. Mar. 30, 2018)*, aff'd,* 764 F. App'x 127 (2d Cir. 2019). Plaintiffs ask for leave to amend but do not explain how they would cure the deficiencies in the Amended Complaint. Indeed, at the appellate oral argument, Plaintiffs conceded they could not "allege any more facts than we have in the complaint right now." Oral argument recording, 42:45-42:47.[18]

### CONCLUSION

The Court should dismiss the Amended Complaint in its entirety and with prejudice.

---

odds with other courts' decisions, (*e.g.*, *Lapin v. Goldman Sachs Grp., Inc.*, 506 F. Supp. 2d 221, 246 (S.D.N.Y. 2006) (holding culpable participation "must be plead with the same particularity as scienter under section 10(b).")), but nonetheless recognizes culpable participation must be plead.

[18]  Available at https://www.ca2.uscourts.gov/decisions/isysquery/b4683bd7-9521-4bbb-a392-d5c87d388d96/1/doc/21-347.mp3

Dated: October 12, 2022                                      Respectfully submitted,

                                                            FOLEY & LARDNER LLP
                                                             */s/ Jonathan H. Friedman*
                                                            John A. Tucker (admitted *pro hac vice*)
                                                            1 Independent Drive
                                                            Jacksonville, FL 32202
                                                            Telephone: 904-633-8924
                                                            Email: jtucker@foley.com

                                                            Jonathan H. Friedman
                                                            90 Park Avenue
                                                            New York, NY 10016
                                                            Telephone: 212-338-3416
                                                            Email: jfriedman@foley.com


                                                            and

                                                            Charles C. Ritter, Jr.
                                                            DUKE, HOLZMAN, PHOTIADIS
                                                            & GRESENS LLP
                                                            701 Seneca Street, Suite 750
                                                            Buffalo, NY 14210
                                                            Telephone: (716) 855-1111
                                                            Email: critter@dhpglaw.com

                                                            *Counsel for Defendants*

11