EXHIBIT A-1

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH NOTO, GARDEN STATE TIRE CORP., and STEPHENS JOHNSON, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>22ND CENTURY GROUP, INC., HENRY SICIGNANO, III AND JOHN T. BRODFUEHRER,<br><br>Defendants. | Civil Action No. 19-cv-01285-JLS-MJR |

## NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT OF CLASS ACTION; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

### *A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

NOTICE OF PENDENCY OF CLASS ACTION:  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Western District of New York (the "Court"), if, during the period from February 18, 2016 and July 31, 2019, inclusive (the "Settlement Class Period"), you purchased or otherwise acquired 22nd Century Group, Inc. ("22nd Century") securities and were allegedly damaged thereby.[1]

NOTICE OF SETTLEMENT:  Please also be advised that the Court-appointed Lead Plaintiffs Joseph Noto, Garden State Tire Corp., and Stephens Johnson ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in paragraph 18 below), have reached a proposed settlement of the Action for $3,000,000.00 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement (the "Stipulation"), which is available at www.22nd CenturySecuritiesLitigation.com.

{00545871:4 }

**PLEASE READ THIS NOTICE CAREFULLY.** This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact 22nd Century, any other Defendants in the Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (see paragraph 80 below).**

1.      **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants 22nd Century, Henry Sicignano, III ("Sicignano"), and John T. Brodfuehrer (Brodfuehrer, and collectively with 22nd Century and Sicignano, "Defendants") violated the federal securities laws by making false and misleading statements related to certain alleged stock promotion articles and 22nd Century's alleged failure to disclose an investigation by the Securities and Exchange Commission ("SEC") into a material weakness in 22nd Century's internal controls, which Defendants deny. A more detailed description of the Action is set forth in paragraphs 11-17 below. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 18 below.

2.      **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $3,000,000.00 in cash (the "Settlement Amount") to be deposited into an interest-bearing escrow account. The Net Settlement Fund (i.e., the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, (d) any attorneys' fees awarded by the Court, and (e) reimbursement of Lead Plaintiffs' time and expenses pursuant to the Private Securities Litigation Reform Act) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth in paragraphs 44-64 below.

3.      **Estimate of Average Amount of Recovery Per Security:** Based on Lead Plaintiffs' damages expert's estimates of the number of 22nd Century common stock purchased during the Settlement Class Period that may have been affected by the alleged conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per allegedly damaged security is $0.03. Settlement Class Members should note, however, that the foregoing average recovery per security is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their 22nd Century common stock, and the total number and recognized loss amount of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (see paragraphs 44-64 below) or such other plan of allocation as may be ordered by the Court.

4.      **Average Amount of Alleged Damages Per Security:** The Parties do not agree on the average amount of alleged damages per security that would be recoverable if Lead Plaintiffs were

{00545871;4 }                                              2

to prevail in the Action. Among other things, Defendants deny the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5.  **Attorneys' Fees and Expenses Sought:**  Lead Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel Pomerantz LLP will apply to the Court for an award of attorneys' fees in an amount not to exceed 33.3% (*i.e.*, one-third) of the Settlement Fund. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution, and resolution of the claims against the Defendants, in an amount not to exceed $200,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. An estimate of the average cost per allegedly damaged 22nd Century security, if the Court approves Lead Counsel's fee and expense application, is $0.01 per allegedly damaged security. In addition, Lead Counsel may apply for reimbursement of Lead Plaintiffs' time and expenses pursuant to the Private Securities Litigation Reform Act in connection with their representation of the Settlement Class in an amount not to exceed $15,000.

6.  **Identification of Lead Plaintiffs' Representatives:**  Lead Plaintiffs and the Settlement Class are represented by Jeremy A. Lieberman (jalieberman@pomlaw.com) and Brian Calandra (bcalandra@pomlaw.com) of Pomerantz LLP ("Pomerantz"), 600 Third Avenue, 20th Floor, New York, NY, 10016; as well as Peretz Bronstein (peretz@bgandg.com) of Bronstein, Gewirtz & Grossman ("BGG"), LLC 60 East 42nd Street, Suite 4600, New York, NY 10165 and Garth Spencer of Glancy Prongay & Murray LLP, 1925 Century Park East, Suite 2100, Los Angeles, California 90067

7.  **Reasons for the Settlement:**  Lead Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after further contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

Before agreeing to the Settlement, Lead Counsel conducted extensive investigation and research into the merits of the Action. This investigation included consultation with experts concerning the amount of damages allegedly suffered by the Class; detailed review of 22nd Century's public filings, including SEC filings, press releases, and other public statements; locating and interviewing fact witnesses; and researching the applicable law with respect to the claims asserted in the complaint filed in this Action and the potential defenses thereto.

EXHIBIT A-1

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM ON LINE OR BY FIRST CLASS U.S. MAIL POSTMARKED OR SUBMITTED ONLINE NO LATER THAN _____, 2023.** | This is the only way to be potentially eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Lead Plaintiffs' Claims (defined in paragraph 27 below) that you have against Defendants and the other Defendants' Releasees (defined in paragraph 28 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2023.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Lead Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2023.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **ATTEND A HEARING ON _____, 2023 AT __:__ .M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2023.** | Filing a written objection and notice of intention to appear by _____, 2023, allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

EXHIBIT A-1

---

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice?                                                      Page __
What Is This Case About?                                                        Page __
How Do I Know If I Am Affected By The Settlement?
    Who Is Included In The Settlement Class?                                    Page __
What Are Lead Plaintiffs' Reasons For The Settlement?                           Page __
What Might Happen If There Were No Settlement?                                  Page __
How Are Settlement Class Members Affected By The Action
    And The Settlement?                                                        Page __
How Do I Participate In The Settlement?  What Do I Need To Do?                  Page __
How Much Will My Payment Be?                                                    Page __
What Payment Are The Attorneys For The Settlement Class Seeking?
    How Will The Lawyers Be Paid?                                              Page __
What If I Do Not Want To Be A Member Of The Settlement Class?
    How Do I Exclude Myself?                                                   Page __
When And Where Will The Court Decide Whether To Approve The Settlement?
    Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
    Don't Like The Settlement?                                                Page __
What If I Bought 22nd Century Securities On Someone Else's Behalf?              Page __
Can I See The Court File?  Whom Should I Contact If I Have Questions?           Page __

---

## WHY DID I GET THIS NOTICE?

8.    The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired 22nd Century common stock during the Settlement Class Period.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Fairness Hearing"). See paragraph 71 below for details about the Settlement Fairness Hearing, including the date and location of the hearing.

{00545871;4 }                                      5

EXHIBIT A-1

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

<div style="border:1px solid black; padding:8px; text-align:center;">

## WHAT IS THIS CASE ABOUT?

</div>

11.    On January 21, 2019, Matthew Bull commenced this Action against Defendants styled *Bull v. 22nd Century Group, Inc., et al.*, Case No. 1:19-cv-00409-NGG-ST (E.D.N.Y.).

12.    By Order dated August 1, 2019, the United States District Court for the Eastern District of New York appointed Joseph Noto, Garden State Tire Corp., and Stephens Johnson as Lead Plaintiffs and Pomerantz LLP ("Pomerantz") as Lead Counsel for the proposed class.

13.    On November 19, 2019, Lead Plaintiffs filed an Amended Complaint. The Amended Complaint asserted claims against Defendants under Section 10(b) of the Securities Exchange of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against Sicignano and Brodfuehrer under Section 20(a) of the Exchange Act.  The Amended Complaint alleged, among other things, that during the Settlement Class Period (from February 18, 2016 through July 31, 2019), Defendants made false and misleading statements concerning a scheme to use promotional articles to inflate the price of 22nd Century's common stock, and failed to disclose the existence of an SEC investigation  (the "SEC Investigation") into a material weakness in Defendants' accounting controls. The specific categories of misrepresentations and omissions  alleged include, *inter alia*, statements in (i) promotional articles; (ii) SEC filings concerning the volatility of 22nd Century's stock price; (iii) press releases denying the promotional article scheme; (iv) SEC filings concerning the material weakness in the company's internal controls; and (v) press releases denying the existence of the SEC investigation. The Amended Complaint also alleged that 22nd Century's stock price was artificially inflated as a result of these allegedly false and misleading statements and omissions, and that it declined when the truth was revealed.

14.    Lead Plaintiffs and Defendants participated in a mediation session on March 21, 2023, before nationally recognized mediator Jed D. Melnick, Esq. At the end of the mediation, the Parties reached an agreement in principle to settle the Action for a payment of $3,000,000.00 for the benefit of the Settlement Class, subject to the execution of a settlement stipulation and related papers.

15.    Based on their investigation, discovery, prosecution, and mediation of the case, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of the Stipulation are fair, reasonable, and adequate to Lead Plaintiffs and the other members of the Settlement Class, and in their best interests.  Based on Lead Plaintiffs' oversight of the prosecution of this matter and with the advice of his counsel, Lead Plaintiffs have agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; (b) the significant risks and costs of continued litigation and trial; and (c) the desirability of permitting the proposed Settlement to be consummated as provided by the terms of the Stipulation.

EXHIBIT A-1

16.    The Stipulation and the Settlement constitute a compromise of matters that are in dispute among the Parties.  Defendants have entered into the Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation.   Each of the Defendants denies any wrongdoing, and the Settlement and Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted.  Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  The Stipulation and the Settlement also shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiffs of an infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

17.    On _____, 2023, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Fairness Hearing to consider, among other things, whether to grant final approval to the Settlement.

---

### HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

---

18.    If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

> all persons and entities ___ ° ___purchased or otherwise acquired 22nd Century's common stock between February 18, 2016 and July 31, 2019, both dates inclusive, and were allegedly damaged thereby.

Excluded from the Settlement Class are Defendants herein, the officers and directors of 22nd Century, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest, and any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion. See "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?" and on pages 18-19 below.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE POTENTIALLY ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED OR SUBMITTED ONLINE NO LATER THAN _____, 2023.**

EXHIBIT A-1

## WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?

19. Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through further motion practice, trial, and appeals, as well as the very substantial risks they would face in establishing liability and damages. Lead Plaintiffs and Lead Counsel recognized that Defendants had numerous avenues of attack that could preclude a recovery. For example, Defendants would assert that their statements were not materially false and misleading, and that even if they were, they did not cause any damage to the Settlement Class. Even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to the allegedly false statements would be hotly contested. Lead Plaintiffs would have to prevail at several stages – class certification, motions for summary judgment, trial, and if they prevailed on those, on the appeals that would be likely to follow. Thus, there were very significant risks attendant to the continued prosecution of the Action.

20. In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $3,000,000.00 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller or no recovery after class certification, summary judgment, trial, and appeals, possibly years in the future.

21. Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement solely to eliminate the uncertainty burden, and expense of continued litigation. Accordingly, as noted above, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

22. If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at class certification, summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

23. As a Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys

listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

24.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?" below.

25.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

26.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Stipulation, of law, and of the Judgment shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Lead Plaintiffs' Claim (as defined in paragraph 27 below) against the Defendants and the other Defendants' Releasees (as defined in paragraph 28 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Lead Plaintiffs' Claims against any of the Defendants' Releasees.

27.    "Released Lead Plaintiffs' Claims" or "Released Plaintiffs' Claims" means any and all claims, demands, losses, rights, liabilities, obligations, damages, issues, and causes of action of every nature and description, whether known or Unknown Claims, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, or any other law, rule, or regulation, at law or in equity, that Lead Plaintiffs or any other member of the Settlement Class: (a) asserted in the Action; or (b) could have asserted in the Action or any forum that arise out of, are based upon, or relate in any way to, both (1) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Action and (2) the purchase, acquisition, transfer, or sale of 22nd Century common stock during the Settlement Class Period. The Release shall include a waiver of any rights under California Civil Code § 1542 and other similar applicable state statutes.  The Release shall not include (i) claims to enforce the Settlement or (ii) claims  asserted in the actions captioned *In re 22nd Century Group, Inc. Derivative Litigation*, Lead Case No. 1:19-cv-00479-JLS (W.D.N.Y.) and *In re 22ndCentury Group, Inc. Stockholder Derivative Litigation*, A-20-808599-B (Eighth Judicial District Court, NV, Clark County).

28.    "Defendants' Releasees" means Defendants and any and all of their related parties in any forum, including, without limitation, any and all of their current or former parents, subsidiaries, affiliates, predecessors, successors, divisions, investment funds, joint ventures, and general or

limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, investment bankers, underwriters, insurers in their capacities as such, as well as each of the Individual Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, and assigns.

29.    "Unknown Claims" means any Released Lead Plaintiffs' Claims which Lead Plaintiffs, any other Settlement Class Member, or any other Lead Plaintiffs' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Lead Plaintiffs' Releasees and Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs, Defendants, Settlement Class Members, and their respective Releasees acknowledge that they may hereafter discover facts in addition to or different from those which they or their counsel now know or believe to be true with respect to the subject matter of the Released Claims, but the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and each Defendant shall have, and each Releasee by operation of the Judgment shall be deemed to have, fully, finally, and forever settled and released any and all Released Claims, known or Unknown Claims, suspected or unsuspected, contingent or non-contingent, whether or not hidden or concealed, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiffs and Defendants acknowledge, and each of the other Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver, and specifically the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims, was separately bargained for and a key element of the Settlement.

30.    "Released Defendants' Claims" means any and all claims, demands, losses, rights, liabilities, obligations, damages, issues, and causes of action of every nature and description, whether known or Unknown Claims, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, or any other law, rule, or regulation, at law or in equity that arise out of or relate in any way to the institution, prosecution,

or settlement of the claims against Defendants in the Action. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

31. "Lead Plaintiffs' Releasees" or "Plaintiffs' Releasees" means (i) Lead Plaintiffs, all members of the Settlement Class, Lead Counsel and all other counsel for Lead Plaintiffs, (ii) each of their respective immediate family members (for individuals) and each of their direct or indirect parent entities, subsidiaries, related entities, and affiliates, any trust of which any Settlement Class Member is the settler or which is for the benefit of any Settlement Class Member and/or member(s) of his or her immediate family, and (iii) for any of the entities listed in parts (i) or (ii), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managing directors, employees, contractors, consultants, auditors, accountants, financial advisors, investment bankers, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, and any controlling person thereof, in their capacities as such, and any entity in which a Settlement Class Member has a controlling interest. Lead Plaintiffs' Releasees do not include any persons and entities who or which exclude themselves by submitting a request for exclusion from the Settlement Class that is accepted by the Court.

32. The Judgment will also provide that, upon the Effective Date, to the extent allowed by law, the Stipulation shall operate conclusively as an estoppel and full defense in the event, and to the extent, of any claim, demand, action, or proceeding brought by a Settlement Class Member against any of the Defendants' Releasees with respect to any Released Lead Plaintiffs' Claim, or brought by a Defendant against any of the Lead Plaintiffs' Releasees with respect to any Released Defendants' Claim.

33. The Judgment shall, among other things, provide for the dismissal with prejudice of the Action against the Defendants, without costs or attorney's fees to any Party, except for the payments expressly provided for in the Stipulation.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

34. To be potentially eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation either online or postmarked no later than _____, 2023. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.22nd CenturySecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at (888) 576-4721. Please retain all records of your ownership of and transactions in 22nd Century common stock, as they may be needed to document your Claim. If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

{00545871:4 }

EXHIBIT A-1

| HOW MUCH WILL MY PAYMENT BE? |
| --- |

35.   At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

36.   Pursuant to the Settlement, Defendants have agreed to pay three million dollars ($3,000,000.00) in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes (including any interest or penalties thereon) on any income earned by the Settlement Fund, the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants), and all taxes imposed on payments by the Settlement Fund, including withholding taxes; (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) reimbursement of Lead Plaintiffs' time and expenses pursuant to the Private Securities Litigation Reform Act) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

37.   The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

38.   Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes final. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

39.   Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

40.   Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form either online or postmarked on or before _____, 2023, shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member releases the Released Lead Plaintiffs' Claims (as defined in paragraph 27 above) against the Defendants' Releasees (as defined in paragraph 28 above) and will be permanently barred, enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Lead Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

41.   The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

42.   Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

43.   Only Settlement Class Members will be potentially eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

## PROPOSED PLAN OF ALLOCATION

44.   The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a proximate result of the alleged misstatements and omissions, as opposed to losses caused by market- or industry-wide factors, or company-specific factors unrelated to the alleged fraud.  The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula ("Recognized Loss") described below.

45.   A Recognized Loss will be calculated for each share of 22nd Century common stock purchased or otherwise acquired during the Settlement Class Period.  The calculation of Recognized Loss will depend upon several factors, including when the 22nd Century common stock was purchased or otherwise acquired during the Settlement Class Period, and in what amounts, and whether such stock was sold, and if sold, when it was sold, and for what amounts. The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement.  The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.  The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

46.   The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that the price of 22nd Century common stock was artificially inflated throughout the Settlement Class Period.  The estimated alleged artificial inflation in the price of 22nd Century common stock during the Settlement Class Period is reflected in Table 1 below.  The computation of the estimated alleged artificial inflation in the price of 22nd Century common stock during the Settlement Class Period is based on certain misrepresentations or omissions alleged by Lead Plaintiffs and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations or omissions alleged by Lead Plaintiffs. The estimated alleged artificial inflation in the price of 22nd Century common stock in Table 1 below also takes into account the Court's January 6, 2023 Decision and Order denying Defendants' motion to dismiss the Complaint.

47.   The U.S. federal securities laws allow investors to seek to recover losses caused by disclosures which corrected the defendants' previous misleading statements or omissions.  Thus, in order to have recoverable damages, the corrective disclosure of the allegedly misrepresented information must be the cause of the decline in the price or value of 22nd Century common stock. In this Action, Lead Plaintiffs allege that Defendants made false statements and/or omitted material facts during the Settlement Class Period, which had the purported effect of artificially inflating the price of 22nd Century common stock.  Lead Plaintiffs further allege that corrective disclosures

removed artificial inflation from the price of 22nd Century common stock on the following dates: October 25, 2018; April 17, 2019; July 29, 2019; July 30, 2019; July 31, 2019; and August 1, 2019 (the "Corrective Disclosure Dates"). Thus, in order for a Settlement Class Member to have a Recognized Loss under the Plan of Allocation, 22nd Century common stock must have been purchased or acquired during the Settlement Class Period and held through at least one of the Corrective Disclosure Dates.

| Table 1 | | |
|---|---|---|
| Alleged Artificial Inflation in 22nd Century Common Stock | | |
| From | To | Per-Share Price Inflation |
| February 18, 2016 | October 24, 2018 | $0.67 |
| October 25, 2018 | April 16, 2019 | $0.48 |
| April 17, 2019 | July 28, 2019 | $0.46 |
| July 29, 2019 | July 29, 2019 | $0.42 |
| July 30, 2019 | July 30, 2019 | $0.31 |
| July 31, 2019 | July 31, 2019 | $0.22 |
| August 1, 2019 | Thereafter | $0.00 |

48.    The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for 22nd Century common stock. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on 22nd Century common stock purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average price during the 90-Day Lookback Period. The Recognized Loss on 22nd Century common stock purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

49.    In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero. Any transactions in 22nd Century common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session for the U.S. financial markets.

50.    A Recognized Loss will be calculated as set forth below for each purchase or acquisition of 22nd Century common stock during the Settlement Class Period, that is listed in the Claim Form and for which adequate documentation is provided.

### Per-Share Recognized Loss Calculation

51.    For each share of 22nd Century common stock purchased or otherwise acquired during the Settlement Class Period (i.e., February 18, 2016 through July 31, 2019, inclusive), the Recognized Loss per share shall be calculated as follows:

i.    For each share of 22nd Century common stock purchased during the Settlement Class Period that was subsequently sold prior to October 25, 2018, the Recognized Loss per share is $0.

ii.    For each share of 22nd Century common stock purchased during the Settlement Class Period that was subsequently sold during the period October 25, 2018 through July 31, 2019, inclusive, the Recognized Loss per share is the amount of per-share price inflation on the date of purchase as appears in Table 1 above *minus* the amount of per-share price inflation on the date of sale as appears in Table 1 above.

iii.    For each share of 22nd Century common stock purchased during the Settlement Class Period that was subsequently sold during the period August 1, 2019 through October 29, 2019, inclusive (i.e., sold during the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*:

    a.    the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

    b.    the purchase price *minus* the "90-Day Lookback Value" on the date of sale as appears in Table 2 below.

iv.    For each share of 22nd Century common stock purchased during the Settlement Class Period and still held as of the close of trading on October 29, 2019, the Recognized Loss per share is *the lesser of*:

    a.    the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

    b.    the purchase price *minus* the average closing price for 22nd Century common stock during the 90-Day Lookback Period, which is $2.03.

| Table 2 90-Day Lookback Value | | | | | |
|---|---|---|---|---|---|
| Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value |
| 8/1/2019 | $1.36 | 8/30/2019 | $1.81 | 10/1/2019 | $2.00 |
| 8/2/2019 | $1.45 | 9/3/2019 | $1.81 | 10/2/2019 | $2.00 |
| 8/5/2019 | $1.44 | 9/4/2019 | $1.82 | 10/3/2019 | $2.01 |
| 8/6/2019 | $1.48 | 9/5/2019 | $1.82 | 10/4/2019 | $2.01 |
| 8/7/2019 | $1.49 | 9/6/2019 | $1.83 | 10/7/2019 | $2.01 |
| 8/8/2019 | $1.51 | 9/9/2019 | $1.84 | 10/8/2019 | $2.01 |
| 8/9/2019 | $1.57 | 9/10/2019 | $1.85 | 10/9/2019 | $2.02 |
| 8/12/2019 | $1.61 | 9/11/2019 | $1.86 | 10/10/2019 | $2.02 |
| 8/13/2019 | $1.64 | 9/12/2019 | $1.88 | 10/11/2019 | $2.02 |
| 8/14/2019 | $1.67 | 9/13/2019 | $1.89 | 10/14/2019 | $2.02 |
| 8/15/2019 | $1.68 | 9/16/2019 | $1.91 | 10/15/2019 | $2.02 |
| 8/16/2019 | $1.70 | 9/17/2019 | $1.92 | 10/16/2019 | $2.02 |
| 8/19/2019 | $1.72 | 9/18/2019 | $1.93 | 10/17/2019 | $2.02 |

EXHIBIT A-1

| 8/20/2019 | $1.73 | 9/19/2019 | $1.93 | 10/18/2019 | $2.02 |
| --- | --- | --- | --- | --- | --- |
| 8/21/2019 | $1.74 | 9/20/2019 | $1.95 | 10/21/2019 | $2.02 |
| 8/22/2019 | $1.75 | 9/23/2019 | $1.95 | 10/22/2019 | $2.02 |
| 8/23/2019 | $1.77 | 9/24/2019 | $1.96 | 10/23/2019 | $2.03 |
| 8/26/2019 | $1.78 | 9/25/2019 | $1.97 | 10/24/2019 | $2.03 |
| 8/27/2019 | $1.78 | 9/26/2019 | $1.98 | 10/25/2019 | $2.03 |
| 8/28/2019 | $1.79 | 9/27/2019 | $1.99 | 10/28/2019 | $2.03 |
| 8/29/2019 | $1.80 | 9/30/2019 | $2.00 | 10/29/2019 | $2.03 |

## INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

52. The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible shares that participate in the Settlement, and when those shares were purchased and sold. The number of claimants who send in claims varies widely from case to case.

53. In order to submit a valid claim, you will need to show that you engaged in transactions in 22nd Century common stock. You may do this by demonstrating that you transacted in 22nd Century shares that traded under the ticker symbol "XXII"

54. A purchase or sale of 22nd Century common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

55. Acquisition by Gift, Inheritance, or Operation of Law: If a Settlement Class Member acquired 22nd Century common stock during the Settlement Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that 22nd Century common stock was originally purchased prior to commencement of the Settlement Class Period, the Recognized Loss for that acquisition shall be deemed to be zero ($0.00).

56. Notwithstanding any of the above, receipt of 22nd Century common stock during the Settlement Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of 22nd Century common stock.

57. The first-in-first-out ("FIFO") basis will be applied to purchases and sales. Sales will be matched in chronological order, by trade date, first against 22nd Century common stock held as of the close of trading on February 17, 2016 (the last trading day before the Settlement Class Period begins) and then against the purchases of 22nd Century common stock during the Settlement Class Period.

58. The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has an opening short position in 22nd Century common stock, the earliest Settlement Class Period purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

59.    Option contracts are not securities eligible to participate in the Settlement. With respect to 22nd Century common stock purchased through the exercise of a call or put option,[2] the purchase date of 22nd Century common stock shall be the exercise date of the option and the purchase price shall be the exercise price of the option. Any Recognized Loss arising from purchases of 22nd Century common stock acquired during the Settlement Class Period through the exercise of an option on 22nd Century common stock shall be computed as provided for other purchases of 22nd Century common stock in the Plan of Allocation. The submission of Claims for such purchases of 22nd Century common stock acquired during the Settlement Class Period through the exercise of an option on 22nd Century common stock shall otherwise be subject to the same requirements described in this Notice and the Plan of Allocation for submitting a Claim for other purchases of 22nd Century common stock.

60.    Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss amounts. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

61.    Settlement Class Members who do not submit an acceptable Claim Form will not share in the Settlement proceeds.    The Stipulation and the Judgment dismissing this Action will nevertheless bind Settlement Class Members who do not submit a request for exclusion or submit an acceptable Proof of Claim.

62.    Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims-administration process, to decide the issue by submitting a written request.

63.    Defendants, their respective counsel, and all other Releasees will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Plaintiff and Lead Counsel likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

64.    Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of

---

[2] Including (1) purchases of 22nd Century common stock as the result of the exercise of a call option, and (2) purchases of 22nd Century common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

such funds will be used in the following fashion: (i) first, to pay any amounts mistakenly omitted from the initial disbursement; (ii) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead Counsel as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If such second distribution is not economically feasible, the remainder of the settlement fund will be donated to a non-profit selected by Plaintiffs.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

65.    Lead Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Lead Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Lead Plaintiffs' Counsel in an amount not to exceed 33.3% (*i.e.*, one-third) of the Settlement Fund.[3]  At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $200,000, which may include an application for reimbursement of the reasonable lost wages, costs and expenses incurred by Lead Plaintiffs directly related to his representation of the Settlement Class.  The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.  In addition, Lead Counsel may apply for an award to Lead Plaintiffs in connection with their representation of the Settlement Class in an amount not to exceed $15,000. Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

66.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion from the Settlement Class, addressed to 22nd Century Securities Litigation, ATTN: EXCLUSIONS, c/o Epiq, P.O. Box 3839, Portland, OR 97208-3839.  The exclusion request must be received no later than _____, 2023.  You will not be able to exclude yourself from the Settlement Class after that date.  Each request for exclusion must (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *Noto v. 22nd Century Group, Inc., et al.*, Case No. :19-cv-01285-JLS-MJR"; (c) state the number of 22nd Century common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the

---

[3] The attorney fee application will be made collectively on behalf of Pomerantz and BGG. Any attorneys' fees awarded by the Court will be divided pursuant to fee sharing agreements as follows: Pomerantz (85%); BGG (15%), in accordance with BGG's level of contribution to the Action.

Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of 22nd Century common stock held at the beginning of the Settlement Class Period; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

67.   If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Lead Plaintiffs' Claim against any of the Defendants' Releasees.

68.   If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

69.   22nd Century has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and Defendants, as set forth in a confidential Supplemental Agreement.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?
MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

70.   Settlement Class Members do not need to attend the Settlement Fairness Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Fairness Hearing.

71.   The Settlement Fairness Hearing will be held on _____, 2023 at __:__ _.m., before the Honorable John L. Sinatra at the Robert H. Jackson United States Courthouse, 2 Niagara Square, Buffalo, New York 14202, or by telephonic, video conferencing, or other electronic means, as posted on the website of the Claims Administrator. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Fairness Hearing without further notice to the members of the Settlement Class.

72.   Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Western District of New York at the address set forth below **on or before** _____, 2023. You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before** _____, **2023**

EXHIBIT A-1

| Clerk's Office | Lead Counsel Representatives | Defendants' Counsel Representative |
|---|---|---|
| U.S. District Court, Western District of New York Robert H. Jackson United States Courthouse Clerk's Office 2 Niagara Square Buffalo, NY 14202-3498 | Jeremy A. Lieberman Brian Calandra Pomerantz LLP 600 Third Avenue, 20th Floor, New York, NY 10016 | FOLEY & LARDNER LLP John A. Tucker FOLEY & LARDNER LLP 1 Independent Drive, Suite 1300 Jacksonville, FL 32202 Telephone: (904) 359-2000 Email: jtucker@foley.com |
| | | Jonathan H. Friedman FOLEY & LARDNER LLP 90 Park Avenue New York, NY 10016 Telephone: (212) 338-3416 Email: jfriedman@foley.com |
| | | Charles C. Ritter, Jr. DUKE, HOLZMAN, PHOTIADIS & GRESENS LLP 701 Seneca Street, Suite 750 Buffalo, NY 14210 Telephone: (716) 855-1111 Email: critter@dhpglaw.com |

73.     Any objection (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the identity and number of 22nd Century common stock that the objecting Settlement Class Member purchased/acquired and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of securities held at the beginning of the Settlement Class Period. You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

74.     You may file a written objection without having to appear at the Settlement Fairness Hearing. You may not, however, appear at the Settlement Fairness Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

{00545871;4 }

20

EXHIBIT A-1

75.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 72 above so that it is received on or before _____, 2023.   Persons who intend to object and desire to present evidence at the Settlement Fairness Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

76.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Fairness Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 72 above so that the notice is received on or before _____, 2023.

77.    The Settlement Fairness Hearing may be adjourned by the Court without further written notice to the Settlement Class.  If you intend to attend the Settlement Fairness Hearing, you should confirm the date and time with Lead Counsel.

78.    Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Settlement Class Members do not need to appear at the Settlement Fairness Hearing or take any other action to indicate their approval.

---

## WHAT IF I BOUGHT 22ND CENTURY SECURITIES ON SOMEONE ELSE'S BEHALF?

---

79.    If you purchased or otherwise acquired 22nd Century common stock during the Settlement Class Period for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Postcard Notice, provide a list of the names and addresses of all such beneficial owners to 22nd Century Securities Litigation, c/o Epiq, P.O. Box 3839, Portland, OR 97208-3839. If you choose the second option, the Claims Administrator will send a copy of the Postcard Notice to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order up to a maximum of $0.15 per name and address provided to the Claims Administrator; up to $0.15 per Notice or Postcard Notice actually mailed, plus postage at a maximum rate of $0.45 per Notice or Postcard Notice; or up to $0.05 per link to the Notice or Postcard Notice transmitted by email, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice, the Postcard Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.22nd CenturySecuritiesLitigation.com, or by calling the Claims Administrator toll-free at (888) 576-4721.

EXHIBIT A-1

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

80.   This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which are available online via the Public Access to Court Electronic Records (PACER) system at https://pacer.uscourts.gov/ or will be provided by Lead Counsel upon request. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.22nd CenturySecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

| 22nd Century Securities Litigation<br>c/o John A. Tucker<br>FOLEY & LARDNER LLP<br>1 Independent Drive, Suite 1300<br>Jacksonville, FL 32202<br>Telephone: (904) 359-2000<br>Email: jtucker@foley.com | and/or | Jeremy A. Lieberman<br>Brian Calandra<br>POMERANTZ LLP<br>600 Third Avenue, 20th Floor,<br>New York, NY, 10606<br>(212) 661-1100<br>jalieberman@pomlaw.com<br>bcalandra@pomlaw.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

{00545871:4 }

22

EXHIBIT A-2

## PROOF OF CLAIM AND RELEASE FORM

**Deadline for Submission:** _____

If you purchased or otherwise acquired defendant 22nd Century Group, Inc. ("22nd Century") securities during the period from February 18, 2016 through July 31, 2019, inclusive (the "Settlement Class Period"), and were allegedly damaged thereby you are a "Settlement Class Member" and you may be entitled to share in the settlement proceeds. (Excluded from the Settlement Class are Defendants, the officers and directors of 22nd Century, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest, and any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.).

If you are a Settlement Class Member, you must complete and submit this Claim Form and Release Form ("Claim Form") in order to be eligible for any Settlement benefits. You can complete and submit the electronic version of this Claim Form by 11:59 p.m. EST on _____ at www.22ndCenturySecuritiesLitigation.com.

If you do not complete and submit an electronic version of this Claim Form, you must complete and sign this Claim Form and mail it by first class mail, postmarked or submitted online no later than _____, to _____, the Claims Administrator, at the following address:

<div align="center">

22nd Century Securities Litigation
c/o Epiq
P.O. Box 3839
Portland, OR 97208-3839

</div>

Your failure to submit your claim by _____ will subject your claim to rejection and preclude you from receiving any money in connection with the Settlement of this Action. Do not mail or deliver your claim to the Court or to any of the Parties or their counsel, as any such claim will be deemed not to have been submitted. Submit your claim only to the Claims Administrator. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not share in the Settlement, but you nevertheless will be bound by the Judgment of the Court unless you exclude yourself.

Submission of a Claim Form does not assure that you will share in the proceeds of the Settlement.

<div align="right">EXHIBIT A-2

#</div>

## CLAIMANT'S STATEMENT

1. I (we) purchased or otherwise acquired 22nd Century common stock during the Settlement Class Period. (Do not submit this Claim Form if you did not purchase or otherwise acquire 22nd Century common stock during the Settlement Class Period.)

2. By submitting this Claim Form, I (we) state that I (we) believe in good faith that I am (we are) a Settlement Class Member(s) as defined above and in the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Settlement Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3. I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Claim Form. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Claim Form.

4. I (we) have set forth where requested below all relevant information with respect to each purchase or acquisition of 22nd Century securities during the Settlement Class Period, and each sale, if any, of such securities. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5. I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase/acquisition and sale of 22nd Century common stock listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6. I (we) understand that the information contained in this Claim Form is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Loss (as that term is defined in the Notice). In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of

<div align="center">2</div>

#

additional information, including, where applicable, information concerning transactions in any derivative securities such as options.)

7. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and final release, relinquishment and discharge by me (us) and my (our) successors and assigns in any capacity (or, if I am (we are) submitting this Claim Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her, or them, and by its, his, her, or their successors and assigns in any capacity) of each of the "Releasees" of all "Released Claims," as those terms are defined in the Stipulation of Settlement, dated March 21, 2023 ("Stipulation"). I (we) further agree and acknowledge that I (we) and anyone claiming through or on my behalf (or, if I am (we are) submitting this Claim Form on behalf of a corporation, a partnership, estate, or one or more other persons, by it, him, her, or them and anyone claiming through or on its, his, her, or their behalf), will be permanently and forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute, in any capacity, any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or any other forum asserting the Released Claims against any of the Releasees.

8. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a covenant by me (us) and anyone claiming through or on my behalf (or, if I am (we are) submitting this Claim Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and anyone claiming through or on its, his, her, or their behalf) to permanently refrain from instituting, commencing or prosecuting in any capacity any Released Claims against any of the Releasees.

9. "Releasees" has the meaning laid out in the Stipulation.

10. "Released Claims" has the meaning laid out in the Stipulation.

11. "Unknown Claims" has the meaning laid out in the Stipulation.

12. I (we) acknowledge that I (we) may hereafter discover facts in addition to or different from those which I (we) now know or believe to be true with respect to the subject matter of the Released Claims, but expressly fully, finally, and forever settle and release, any and all Released Claims, known or Unknown Claims, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

13. I (We) acknowledge that the inclusion of "Unknown Claims" in the definition of claims released pursuant to the Stipulation was separately bargained for and is a material element of the Settlement of which this release is a part.

3

14. NOTICE REGARDING INSTITUTIONAL FILERS: Representatives with authority to file on behalf of (a) accounts of multiple Settlement Class Members and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their transactions in an electronic spreadsheet format. If you are a Representative Filer, you must contact the Claims Administrator at info@22ndCenturySecuritiesLitigation.com or visit their website at www.22ndCenturySecuritiesLitigation.com to obtain the required file layout. Claims which are not submitted in electronic spreadsheet format and in accordance with the Claims Administrator's instructions may be subject to rejection. All Representative Filers MUST also submit a manually signed Claim Form, as well as proof of authority to file (see Item 2 of the Claimant's Statement), along with the electronic spreadsheet format. No claims submitted in electronic spreadsheet format will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

15. NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.22ndCenturySecuritiesLitigation.com. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Claim Form has been submitted. If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@22nd CenturySecuritiesLitigation.com or (888) 576-4721. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

4

EXHIBIT A-2

#

## I. CLAIMANT INFORMATION

| Beneficial Owner Name | | |
|---|---|---|
| | | |
| Address | | |
| | | |
| City | State | ZIP |
| Foreign Province | Foreign Country | |
| Day Phone | Evening Phone | |
| Email | | |
| Account Number | | |
| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |

## II. SCHEDULE OF TRANSACTIONS IN 22ND CENTURY SECURITIES

**Beginning Holdings:**

A. State the total number of 22nd Century common stock held at the opening of trading on February 18, 2016 (*must be documented*). If none, write "zero" or "0."

**Purchases/Acquisitions:**

B. Separately list each and every purchase or acquisition of XXII shares from February 18, 2016 through October 29, 2019, both dates inclusive, and provide the following information (*must be documented*):[1]

---

[1] Please Note: Information requested with respect to your purchases/acquisitions of 22nd Century common stock from after the opening of trading on August 1, 2019, through and including October 29, 2019, is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Loss pursuant to the Plan of Allocation.

5

EXHIBIT A-2

\#

| Purchase or Acquisition Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Price Per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**Sales:**

C. Separately list each and every sale of XXII shares from February 18, 2016 through October 29, 2019, both dates inclusive, and provide the following information (*must be documented*):

| Sale Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price Per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**Ending Holdings:**

D. State the total number of XXII shares held at the close of trading on October 29, 2019 (*must be documented*). If none, write "zero" or "0."

## III.    TAXPAYER IDENTIFICATION NUMBER

The Claimant Information form above requests a Taxpayer Identification Number. For most individuals, this is your Social Security Number. The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number. If you fail to provide this information, your claim may be rejected.

## IV.    CERTIFICATION

I (We) submit this Claim Form under the terms of the Settlement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Western District of New York, with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the release and covenant not to sue set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in this Action. I (We) have not submitted any other claim covering the same purchases/acquisitions or sales of

6

#

22nd Century securities during the Settlement Class Period and know of no other Person having done so on my (our) behalf.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding; or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

## V.   DECLARATION UNDER PENALTY OF PERJURY, SIGNATURE, & DATE

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____

(Signature)

_____

(Signature)

_____

(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)

☐ Check here if proof of authority to file is enclosed. (See Item 2 under Claimant's Statement)

Date: _____

**THIS CLAIM FORM MUST BE SUBMITTED ELECTRONICALLY WWW.22ND CENTURYSECURITIESLITIGATION.COM BY 11:59 P.M. EST ON _____, 2023, OR MAILED TO THE CLAIMS ADMINISTRATOR AT THE BELOW ADDRESS, POSTMARKED OR SUBMITTED ONLINE NO LATER THAN ____:**

22nd Century Securities Litigation
c/o Epiq
P.O. Box 3839

7

Portland, OR 97208-3839

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by _____, 2023 and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

The Claims Administrator will acknowledge receipt of your Claim Form by mail or email within 45 days of receipt. Your claim is not deemed filed until you receive such an acknowledgement. If you do not receive an acknowledgement within 45 days, please contact the Claims Administrator by telephone toll free at (888) 576-4721 or by email at info@22ndCenturySecuritiesLitigation.com.

You should be aware that it will take a significant amount of time to process fully all of the Claim Forms and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Claim Form. Please notify the Claims Administrator of any change of address.

## REMINDER CHECKLIST

o  Please be sure to sign this Claim Form on page 7. If this Claim Form is submitted on behalf of joint claimants, then each claimant must sign.

o  Please remember to attach supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

o  Do NOT use highlighter on the Claim Form or any supporting documents.

o  If you move or change your address, telephone number, or email address, please submit the new information to the Claims Administrator, as well as any other information that will assist us in contacting you. NOTE: Failure to submit updated information to the Claims Administrator may result in the Claims Administrator's inability to contact you regarding issues with your claim or deliver payment to you.

8

EXHIBIT A-3

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH NOTO, GARDEN STATE TIRE CORP., and STEPHENS JOHNSON, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>22ND CENTURY GROUP, INC., HENRY SICIGNANO, III AND JOHN T. BRODFUEHRER,<br><br>Defendants. | Civil Action No. 19-cv-01285-JLS-MJR |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT OF CLASS ACTION; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:  All persons and entities who, during the period from February 18, 2016 through July 31, 2019, inclusive (the "Settlement Class Period"), purchased or otherwise acquired 22nd Century Group, Inc. ("22nd Century") common stock were allegedly damaged thereby (the "Settlement Class").**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Western District of New York, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class as set forth in the full printed Notice Of (I) Pendency Of Class Action, Certification Of Settlement Class, And Proposed Settlement of Class Action; (II) Settlement Hearing; And (III) Motion For An Award Of Attorneys' Fees And Reimbursement Of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiffs in the Action has reached a proposed settlement of the Action for $3,000,000.00 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

This Summary Notice relates to a proposed Settlement of claims in a pending securities class action lawsuit brought by investors alleging, among other things, that Defendants 22nd

{00546177.3 }

EXHIBIT A-3

Century, Henry Sicignano, III, and John T. Brodfuehrer (collectively, the "Defendants") violated the federal securities laws by making alleged misrepresentations or omissions regarding certain alleged stock promotion articles and 22nd Century's alleged failure to disclose an investigation by the Securities and Exchange Commission ("SEC") into a material weakness in 22nd Century's internal controls, which Defendants deny.

A hearing will be held on _____, 202_ at __:__ _.m., before the Honorable John L. Sinatra at the United States District Court for the Western District of New York, Robert H. Jackson United States Courthouse, 2 Niagara Square, Buffalo, New York 14202, or by telephonic, video conferencing or other electronic means, as posted on the website of the Claims Administrator. The hearing will determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation And Agreement Of Settlement (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved, and (v) whether to award Lead Plaintiff for reimbursement of Lead Plaintiffs' time and expenses out of the Settlement Fund and pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Settlement Class and, if so, in what amount.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.** If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at 22nd Century Securities Litigation, c/o Epiq, P.O. Box 3839, Portland, OR 97208-3839. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.22ndCenturySecuritiesLitigation.com.

If you are a member of the Settlement Class, in order to be potentially eligible to receive a payment under the proposed Settlement, you must submit a Claim Form either online at the Settlement website, www.22ndCenturySecuritiesLitigation.com, by _____, 2023, or by first class postage prepaid U.S. mail *postmarked* no later than _____, 2023. If you are a Settlement Class Member and do not timely submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than _____, 2023, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to representatives of Lead Counsel and Defendants' Counsel such that they are *received* no later than _____, 2023, in accordance with the instructions set forth in the Notice.

{00546177;3 }                                                    2

EXHIBIT A-3

**Please do not contact the Court, the Clerk's office, 22nd Century, or Defendants' counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Requests for the Notice and Claim Form should be made to:

22nd Century Securities Litigation
c/o Epiq
P.O. Box 3839
Portland, OR 97208-3839

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

POMERANTZ LLP
Jeremy A. Lieberman
Brian Calandra
600 Third Avenue, 20th Floor
New York, NY 10016
jalieberman@pomlaw.com
bcalandra@pomlaw.com

Dated: _____, 2023

By Order of the Court
United States District Court
Western District of New York

4/10/23 DRAFT

**Court-Ordered Legal Notice
Forwarding Service Requested**

*A federal court authorized this
notice. This is not a solicitation
from a lawyer.*

*This Notice may affect your legal
rights. You may be entitled to a
payment from this securities
class action settlement.*

22nd Century Securities Litigation
c/o Epiq
P.O. Box 3839
Portland, OR 97208-3839.

EXHIBIT A-4

PRESORTED
FIRST-CLASS
MAIL U.S.
POSTAGE PAID

5178;2 }

*Noto v. 22nd Century Group, Inc., et al., Case No. :19-cv-01285-JLS-MJR*
*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT WWW.22NDCENTURYSECURITIESLITIGATION.COM OR CALL (888) 576-4721 FOR MORE INFORMATION.*

The U.S. District Court for the Western District of New York ("Court") has preliminarily approved a Settlement of claims against 22nd Century Group, Inc. ("22nd Century"), and two of its former officers (collectively, "Defendants"). Lead Plaintiffs allege that Defendants made materially false and misleading public statements or omissions at certain times in 2016-2019, causing damages to persons who purchased or otherwise acquired 22nd Century common stock. Defendants deny any wrongdoing.

You received this notice because you or someone in your family or household may have purchased or acquired 22nd Century securities between February 18, 2016, and July 31, 2019, both dates inclusive ("Settlement Class Period"). The Settlement provides that, in exchange for dismissal and release of claims known or unknown against Defendants, Defendants will pay or cause to be paid into a settlement fund $3,000,000.00 ("Settlement Fund"). The Settlement Fund, less attorneys' fees and expenses, and a compensatory award to Lead Plaintiffs for reimbursement of Lead Plaintiffs' time and expenses pursuant to the Private Securities Litigation Reform Act, will be divided among Settlement Class Members who timely submit valid Proof of Claim and Release Forms ("Proof of Claim"). For a full description of the Settlement, your rights, and to make a claim, please view the Stipulation of Settlement and Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses in any of the following ways: (1) by mail: 22nd Century Securities Litigation, c/o Epiq, P.O. Box 3839, Portland, OR 97208-3839; (2) by phone: toll free, (888) 576-4721; (3) by email: info@22nd CenturySecuritiesLitigation.com or (4) by visiting the website: www.22nd CenturySecuritiesLitigation.com.

To qualify for payment, you must submit a Proof of Claim to the Claims Administrator. PROOFS OF CLAIM ARE DUE BY _____, 2023 TO: 22nd Century SECURITIES LITIGATION, C/O EPIQ, P.O. BOX 3839, PORTLAND, OR 97208-3839, OR SUBMITTED ONLINE AT WWW.22ND CENTURYSECURITIESLITIGATION.COM. **If you DO NOT want to be legally bound by the Settlement, you must exclude yourself from the Settlement Class by _____, 2023 or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by _____, 2023. The Notice and Stipulation of Settlement explain how to opt-out or to object.**

The Court will hold a hearing in this case on _____ 2023 at _____ at Robert H. Jackson United States Courthouse, 2 Niagara Square, Buffalo, New York 14202, to consider whether to approve the Settlement, the Plan of Allocation, a request by Lead Counsel for attorneys' fees up to 33.3%, plus actual expenses up to $200,000, and an award to Lead Plaintiffs, reimbursing them for their time and expenses, not to exceed $15,000. You may attend the hearing and ask to be heard by the Court, but you do not have to. The Court may hold the hearing telephonically or by other virtual means. For more information, call (888) 576-4721, or visit the website, www.22nd CenturySecuritiesLitigation.com.

5178;2 }