UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────────

JOSEPH NOTO, GARDEN STATE
TIRE CORP., and STEPHENS
JOHNSON, Individually and on Behalf
of All Others Similarly Situated,

    Plaintiffs,

v.

22ND CENTURY GROUP, INC.,
HENRY SICIGNANO, III, and JOHN
T. BRODFUEHRER,

    Defendants.

───────────────────────────────────────

19-CV-1285 (JLS) (MJR)

## DECISION AND ORDER

Plaintiffs commenced this putative class action in January 2019, seeking relief on behalf on behalf of themselves and others similarly situated for violations of federal securities laws. See Dkt. 1. After litigation before this Court[1] and the Second Circuit, including amended pleadings and motions to dismiss, the parties reported their success at mediation and intent to settle the case on March 30, 2023. See Dkt. 77.

On April 25, 2023, Plaintiffs moved for preliminary approval of the class action settlement. See Dkt. 79; Dkt. 80; Dkt. 81. The parties appeared before

---

[1] This case was filed—and initial district proceedings occurred—in the United States District Court for the Eastern District of New York. Based on the parties' stipulation, the case was transferred to this Court on September 6, 2019. See Dkt. 24.

United States Magistrate Judge Michael J. Roemer[2] on May 18, 2023, to discuss the motion for preliminary approval, and Plaintiffs submitted supplemental authority on May 24, 2023. *See* Dkt. 82; Dkt. 83.

On June 15, 2023, Judge Roemer issued a Report and Recommendation (R&R), recommending that this Court grant Plaintiffs' motion for preliminary approval of the class action settlement in its entirety. *See* Dkt. 84. On June 20, 2023, the parties submitted a joint letter, indicating that none of the parties objects to the R&R, and asking this Court to "consider and adopt the [R&R] in its entirety at its earliest opportunity." Dkt. 85.

Neither party objected to the R&R, and the time to do so has expired. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

---

[2] On January 6, 2023, this Court referred the case to Judge Roemer for all pretrial matters, pursuant to 28 U.S.C. §§ 636(b)(1)(A)–(C). *See* Dkt. 70.

2

Though not required to do so here, this Court nevertheless reviewed Judge Roemer's R&R. Based on that review, and absent any objections, the Court accepts and adopts the R&R.

For the reasons stated above and in the R&R, the Court **grants Plaintiffs' motion for preliminary approval of the class action settlement (Dkt. 79).** The Court refers the case back to Judge Roemer, consistent with the referral order at Dkt. 70, for further proceedings, including the settlement hearing scheduled for October 3, 2023.

SO ORDERED.

Dated:   June 30, 2023
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE