**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSEPH NOTO, GARDEN STATE TIRE CORP., and STEPHENS JOHNSON, Individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br> v.<br><br>22ND CENTURY GROUP, INC., HENRY SICIGNANO, III and JOHN T. BRODFUEHRER,<br><br>      Defendants. | Civil Action No. 19-cv-01285-JLS-MJR |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF: (I) PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (II) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARDS TO PLAINTIFFS**

Court-appointed Lead Plaintiffs Joseph Noto, Garden State Tire Corp., and Stephens Johnson ("Plaintiffs"), and Court-appointed Lead Counsel Pomerantz LLP ("Pomerantz," or "Lead Counsel"), on behalf of all Plaintiffs' Counsel,[1] respectfully submit this memorandum in further support of: (i) Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF No. 88, the "Final Approval Motion"); and (ii) Lead Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Compensatory Awards to Plaintiffs (ECF No, 89, the "Fee and Expense Application").[2]

This Reply is supported by the Supplemental Declaration of Joseph Mahan Regarding (A) Mailing of Postcard Notice and Notice Packet; and (B) Report on Requests for Exclusion Received to Date ("Suppl. Mailing Declaration"), attached as Exhibit A to the Supplemental Declaration of Brian Calandra in Further Support of: (i) Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation; and (ii) Lead Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Compensatory Awards to Plaintiffs ("Suppl. Calandra Decl.") filed herewith.

The Court ordered a deadline of September 12, 2023, for Settlement Class Members to object to the fairness, reasonableness, or adequacy of the Settlement, plan of allocation, proposed attorneys' fees and expenses, or proposed compensatory awards to Plaintiffs. As of this filing, out of 206,221 Postcard Notices, no objections to any aspect of the Settlement or proposed awards has

---

[1] Pomerantz was assisted in its representation of Plaintiffs and the Class by Bronstein, Gewirtz & Grossman, LLC ("BGG"), Glancy Prongay & Murray LLP ("GPM"), and Vita Law Offices, P.C. ("VLO"). "Plaintiffs' Counsel" means Lead Counsel and BGG, GPM, and VLO.

[2] Unless otherwise noted, capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement dated April 25, 2023 ("Stipulation"; ECF No. 81-1), or in the concurrently filed Declaration of Brian Calandra in Support of: (I) Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation; and (II) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Calandra Decl.," ECF No. 92).

been received. In addition, as set forth below, only one (1) valid request for exclusion from the settlement has been received.

Accordingly, the reaction of Settlement Class Members to the proposed Settlement, plan of allocation, proposed attorneys' fees and expenses, and proposed compensatory awards to Plaintiffs strongly supports entering the Proposed Final Judgment and Order of Dismissal with Prejudice.[3] Suppl. Calandra Decl. Ex. B.

## I.    INTRODUCTION

After over four years of hard-fought litigation, including an appeal to the Second Circuit Court of Appeals and a day of mediation facilitated by a well-respected neutral, Plaintiffs submitted a $3,000,000 all cash, non-reversionary settlement, representing a recovery of approximately 5.9% of damages, for Court approval. The reaction of the Settlement Class confirms that the Settlement is an excellent result. After an extensive notice program, which included mailing the Postcard Notice to 206,221 potential Settlement Class Members or their nominees, and publishing the Summary Notice in *Investor's Business Daily* and on the *PR Newswire*, not a single objection has been filed and one valid request for exclusion and one invalid request for exclusion has been received.[4] Suppl. Mailing Declaration ¶8.

The Settlement Class's overwhelmingly positive reaction strongly supports approval of the Settlement and the Plan of Allocation, as well as the request for attorneys' fees, reimbursement of expenses, and compensatory awards to Plaintiffs.

---

[3] Further, Plaintiffs understand from Defendants that none of the regulators that received the notice sent on July 7, 2023, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 (*see* Dkt. No. 87) have expressed any objection to the proposed Settlement.

[4] *See* Suppl. Mailing Decl. at ¶¶4-6 (confirming publication of Summary Notice).

II.  **THE SETTLEMENT CLASS'S POSITIVE REACTION SUPPORTS APPROVAL OF THE SETTLEMENT, PLAN OF ALLOCATION, AND THE REQUESTED ATTORNEYS' FEES, LITIGATION EXPENSES, AND COMPENSATORY AWARDS TO PLAINTIFFS**

A.  **The Court-Approved Notice Program Has Been Implemented**

Pursuant to the Court's June 30, 2023, Decision and Order preliminarily approving settlement and providing for notice (ECF No. 86 (the "Preliminary Approval Order")), Epiq Class Action & Claims Solutions, Inc. ("Epiq") was authorized to act as the Claims Administrator in connection with the Settlement. *Id.* ¶7. In that capacity, Epiq, under the supervision of Lead Counsel, mailed the Postcard Notice to 206,221 potential Settlement Class Members and nominees. Suppl. Mailing Decl. at ¶4. Moreover, the Summary Notice was published in *Investor's Business Daily* and transmitted over the *PR Newswire* on July 31, 2023. ECF No. 92-11, ¶9. The Notice, Summary Notice, and Postcard Notice advised Settlement Class Members of the Settlement and the request for an award of attorneys' fees, reimbursement of Litigation Expenses, and compensatory awards to Plaintiffs. *See id.*, ¶3 and Ex. A; Suppl. Mailing Decl. at ¶¶4-5. The Notice, Summary Notice, and Postcard Notice further advised Settlement Class Members that the last day for requesting exclusion from the Settlement was September 12, 2023, and the last day for filing an objection to the Settlement, the Plan of Allocation, and/or the request for an award of attorneys' fees and reimbursement of Litigation Expenses and awards to Plaintiffs was September 12, 2023. *See* Suppl. Mailing Decl. at ¶8.

On August 29, 2023, fourteen (14) days before the objection deadline, Plaintiffs and Lead Counsel filed their opening papers in support of the Final Approval Motion and Fee and Expense Application. The motions were supported by the declarations of Plaintiffs, Lead Counsel, GPM, and the Claims Administrator. These papers are available on the public docket and on the

settlement website (www.22ndCenturySecuritiesLitigation.com). *See* ECF Nos. 88-92; Suppl. Mailing Decl. at ¶5.

The exclusion and objection deadlines have now passed. As set forth below, one purported Settlement Class Member requested valid exclusion from the Settlement Class, one purported Settlement Class Member requested invalid exclusion from the Settlement Class, and no confirmed Settlement Class Member has objected to the Settlement, the Plan of Allocation, the request for attorneys' fees, the request for reimbursement of litigation expenses, or the PSLRA awards to Plaintiffs. *See id.* at ¶¶8-9. The lack of objections and exclusions weigh heavily in favor of the Court granting the requested relief.

**B.      The Settlement Class's Reaction Supports Approval Of The Settlement, Plan Of Allocation, And Fee And Expense Application**

Plaintiffs and Lead Counsel respectfully submit that the overwhelmingly positive response from the Settlement Class confirms the fairness, adequacy, and reasonableness of the Settlement. *See, e.g.*, *Gruber v. Gilbertson*, 2022 WL 17828609, at *19 (S.D.N.Y. Dec. 21, 2022) (Rakoff, J.) ("If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement")[5]; *In re Petrobras Sec. Litig.*, 317 F. Supp. 3d 858, 872 (S.D.N.Y. 2018) (Rakoff, J.) ("small number of objectors . . . strongly suggest that the settlement amount is fair, adequate, and reasonable"), *aff'd*, 784 F. App'x 10 (2d Cir. 2019); *In re FLAG Telecom Holdings, Ltd. Sec. Litig.*, 2010 WL 4537550, at *16 (S.D.N.Y. Nov. 8, 2010) ("The absence of objections to the Settlement supports the inference that it is fair, reasonable and adequate."); *In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 2007 WL 313474, at *10 (S.D.N.Y. Feb. 1, 2007) ("minimal number of objections and requests for exclusion militates in favor of approving

---

[5] In all case citations, internal citations and quotations are omitted unless otherwise indicated.

the settlement as be[ing] fair, adequate, and reasonable").

A favorable reaction by settlement class members is also evidence supporting approval of a plan of allocation. *See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 986 F. Supp. 2d 207, 240 (E.D.N.Y. 2013) (conclusion that the proposed plan of allocation was fair and reasonable was "buttressed by the relatively small number of opt-outs and absence of objections from class members"); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("not one class member has objected to the Plan of Allocation . . . . This favorable reaction of the Class supports approval of the Plan of Allocation").

Finally, a lack of objections from settlement class members to an application for fees and expenses supports a finding that the fee and expense request is fair and reasonable. *See, e.g.*, *id.* at *10 (the reaction of class members to a fee and expense request "is entitled to great weight by the Court" and the absence of any objection "suggests that the fee request is fair and reasonable"); *In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570, 594 (S.D.N.Y. 2008) (few or no objections to fee award is "powerful evidence that the requested fee is fair and reasonable.").

Here, after completing a robust notice program that included mailing 206,221 Postcard Notices, publishing the summary notice on widely distributed, business-oriented newswires, and hosting a comprehensive settlement website containing all notice and settlement-related materials, there have been no objections to any portion of the Settlement, the Plan of Allocation, request for an award of attorneys' fees and expenses, or the request for compensatory awards to Plaintiffs. *See* Suppl. Mailing Decl. at ¶9.

The lack of objections to the Final Approval Motion and Fee and Expense Application is strong evidence that Plaintiffs' and Lead Counsel's motions should be approved. *See City of Pontiac Gen. Emps' Ret. Sys. v. Lockheed Martin Corp.*, 954 F. Supp. 2d 276, 279 & n.1 (S.D.N.Y.

5

2013) (approving settlement and awarding fees and expenses where lone purported objection was not from a confirmed class member).

In addition, the de minimis number of requests for exclusion from the settlement strongly supports granting the Final Approval Motion. Although the Claims Administrator has mailed 206,221 Postcard Notices containing the link to the settlement website, where the Notice apprised potential Class Members of their right to opt out of the Settlement and the procedures for doing so, all but one Class Members have elected to remain in the Class. To date, the Claims Administrator has received one valid and one invalid exclusion requests, *see* Suppl. Mailing Decl. at ¶8 and Ex. A, which supports approval. *See In re Signet Jewelers Ltd. Sec. Litig.*, 2020 WL 4196468, at *6 (S.D.N.Y. July 21, 2020) ("the small number of requests for exclusion support a finding that the Settlement is fair, reasonable, and adequate"); *In re Citigroup Inc. Bond Litig.*, 296 F.R.D. 147, 156 (S.D.N.Y. 2013) ("few requests for exclusion from class members are evidence that a settlement is fair and adequate").

No institutional investors—sophisticated investors with the resources to carefully evaluate the Settlement and object or opt out if they find it appropriate—have objected to the Settlement or requested to be excluded from the Settlement Class. This further supports approval of the Settlement. *See*, *e.g.*, *In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 382 (S.D.N.Y. 2013) (that "not a single objection was received from any of the institutional investors" supported settlement).

III.    CONCLUSION

For all the foregoing reasons, and those set forth in their opening papers, Plaintiffs and Lead Counsel respectfully request that the Court issue a report and recommendation recommending that the District Court issue the Proposed Final Judgment and Order Of Dismissal With Prejudice. Suppl. Calandra Decl. Ex. B.

Dated: September 26, 2023

Respectfully submitted,

*/s/ Brian Calandra*

Brian Calandra
Jeremy A. Lieberman
**POMERANTZ LLP**
600 Third Avenue, Floor 20
New York, NY 10016
Phone: 212-661-1100
Fax: 917-463-1044
jalieberman@pomlaw.com
bcalandra@pomlaw.com

*Lead Counsel for Lead Plaintiffs Joseph Noto, Garden State Tire Corp. and Stephens Johnson*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**

Peretz Bronstein
Eitan Kimelman
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-8209
Facsimile: (212) 697-7296
Email: peretz@bgandg.com
Email: eitank@bgandg.com

**GLANCY PRONGAY & MURRAY LLP**

Garth Spencer
1925 Century Park East, Suite 2100
Los Angeles, California 90067
929-777-1047 (cell)
310-201-9150 (office)
gspencer@glancylaw.com

**VITA LAW OFFICES, P.C.**
Richard Vita
100 State Street, Suite 900
Boston, Massachusetts 02109
(617) 426-6566
rjv@vitalaw.com

*Additional Counsel for Plaintiffs and for the Proposed Class*

7

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


By:     */s/ Brian Calandra*                
          Brian Calandra