

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH NOTO, GARDEN STATE TIRE CORP., and STEPHENS JOHNSON, Individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>22ND CENTURY GROUP, INC., HENRY SICIGNANO, III AND JOHN T. BRODFUEHRER,<br><br>                Defendants. | Civil Action No. 19-cv-01285-JLS-MJR |

**[PROPOSED] ORDER GRANTING LEAD PLAINTIFFS' UNOPPOSED MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS**

IT IS HEREBY ORDERED THAT:

1. Plaintiffs' Motion for Distribution of Class Action Settlement Funds is GRANTED.

2. The distribution plan for the Net Settlement Fund, as set forth in the Declaration of Joseph Mahan in Support of Lead Plaintiff's Unopposed Motion for Authorization to Distribute Net Settlement Fund (the "Mahan Declaration") and accompanying exhibits, is approved. The funds that are currently in the Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax liabilities, remaining costs of administering the Settlement, and related fees and expenses) shall be distributed on a *pro rata* basis to the Authorized Claimants identified in Exhibits C-1 and C-2 [B-1 and B-2 struck through] to the Mahan Declaration, at the direction of Lead Counsel, Pomerantz LLP, pursuant to the Stipulation and Agreement of Settlement filed with the Court on June 21, 2022 (the "Stipulation") (Dkt. No. 60) and the Plan of Allocation of the Net Settlement Fund set forth in the

Notice of Pendency and Proposed Settlement of Class Action (Dkt. No. 81-1) that was distributed pursuant to this Court's prior Order.

3. As set forth in the Mahan Declaration, the administrative determinations of the Claims Administrator, in accepting and rejecting claims, are approved. Specifically, the administrative determinations of the Claims Administrator accepting those claims set forth in Exhibits ~~B-1~~ C-1 and ~~B-2~~ C-2 to the Mahan Declaration are approved. Likewise, the administrative determinations of the Claims Administrator rejecting the claims set forth in Exhibit ~~B-3~~ C-3 to the Mahan Declaration are approved.

4. Any claims postmarked or submitted online after May 31, 2024, and any responses to deficiency and/or rejection notices received after July 30, 2024, are, and shall be, rejected.

5. The Court finds that the administration of the Settlement and proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, including, but not limited to Lead Counsel and the Court-appointed Claims Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq"), are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members are barred from making any further claims against the Net Settlement Fund or the Released Parties beyond the amount allocated to them pursuant to this Order.

6. The checks for distribution to Authorized Claimants shall bear the notation "DEPOSIT PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED WITHIN 180 DAYS OF ISSUE DATE." Lead Counsel and Epiq are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time.

7.	Pursuant to the Plan of Allocation, if any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after Epiq has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund after six (6) months from the initial distribution shall be used, if feasible: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead Counsel as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.

8.	At such time as Lead Counsel, in consultation with the Claims Administrator, determine that no additional distributions are cost-effective, then the remaining funds, after payment of any unpaid fees and expenses incurred in administering the Settlement, shall be contributed to the Institute for Law and Economic Policy, 261 Old York Road, Suite 507-A, Jenkintown, PA 19406.

9.	Epiq is authorized to discard paper copies of claims and all supporting documentation no less than one year after the final distribution of the Net Settlement Fund. Epiq is also authorized to destroy the electronic copies of the claims and all supporting documentation no less than one year after all funds have been distributed.

10.	This Court retains jurisdiction over any further application or matter which may arise in connection with this action.

IT IS SO ORDERED.

_/s/ John L. Sinatra Jr._
John L. Sinatra Jr.
USDJ/WDNY
Sept. 9, 2024

3